IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

_____

HYUNDAI MOTOR AMERICA, INC. and )
HYUNDAI MOTOR COMPANY, )
      )
     Plaintiffs, )
      )     Civil Action No. 3:17-cv-732
     vs. )
      )     **JURY TRIAL DEMANDED**
DIRECT TECHNOLOGIES )
INTERNATIONAL, INC. d/b/a DTI, INC., )
      )
     Defendant. )
_____ )

### DEFENDANT DIRECT TECHNOLOGIES INTERNATIONAL, INC.'S ANSWER AND COUNTERLCAIMS TO PLAINTIFFS' COMPLAINT

Defendant Direct Technologies International, Inc. ("Defendant" or "DTI") through its attorneys, hereby answers Plaintiffs Hyundai Motor America, Inc. ("HMA" or "Hyundai USA") and Hyundai Motor Company ("HMC" or "Hyundai International") (collectively "Plaintiffs" or "Hyundai") Complaint and Counterclaims as follows:

1.     DTI admits that Hyundai has filed an action for damages and injunctive relief for (1) trademark infringement under Sections 32, 34, and 35 of the Lanham Act, 15 U.S.C. §§ 1114, 1116, and 1117; (2) trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); (3) false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and (4) related claims arising under common law. DTI denies that Hyundai has filed any claims under Florida law. DTI denies the remainder of the allegations of paragraph 1 of the Complaint.

2.     DTI admits that HMC is a company that manufactures, sells, and distributes Hyundai-branded automobiles and Hyundai-branded parts through its chain of distribution in the

United States and around the world. DTI admits that HMA is a distributor of those Hyundai-branded automobiles and parts in the United States to Hyundai dealers on behalf of HMA. DTI further admits that the only "Genuine" Hyundai-branded parts and accessories are those that are manufactured by Hyundai suppliers. DTI denies Hyundai's characterization of the word "authorized." DTI denies the remainder of the allegations of paragraph 2 of the Complaint.

3.      DTI admits that Hyundai parts are made to precise specifications. DTI denies the remainder of the allegations of paragraph 3 of the Complaint.

4.      DTI admits that DTI is importing, promoting, offering for sale, advertising on the internet through its website (www.dti-parts.com) and through other media, and/or selling Hyundai-branded parts. DTI lacks knowledge or information sufficient to form a belief about the truth of an allegation that the parts sold by DTI were intended for sale abroad and therefore denies the allegation. DTI denies the remainder of the allegations of paragraph 4 of the Complaint.

5.      DTI denies the allegations contained in paragraph 5 of the Complaint.

6.      DTI denies the allegations contained in paragraph 6 of the Complaint.

7.      DTI admits that HMA is a corporation duly organized and existing under the laws of the State of California. DTI lacks knowledge or information sufficient to form a belief about the truth of an allegation that HMA has its principal place of business located in Fountain Valley, California or that HMA has been granted the exclusive license by HMC to distribute Hyundai brand vehicles and Genuine Hyundai Parts in the United States that bear the trademarks, trade names, and/or trade dress of HMC and therefore denies the allegations. DTI denies the remainder of the allegations of paragraph 7 of the Complaint.

8.      DTI admits that HMA is the owner of one of the trademark registrations listed in the Complaint. DTI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 8 of the Complaint and therefore denies the allegations.

9.      DTI admits that HMC is a Korean company, located in Seoul, Republic of Korea. DTI admits that HMC manufactures and sells automobiles and automobile parts under the Hyundai brand. DTI admits that HMC is the owner of certain trademarks associated with the Hyundai line of automobiles and automobile parts. DTI admits HMC has an economic interest in the trademarks, trade names, trade dress, and designation of origin of the mark "Hyundai." DTI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 9 of the Complaint and therefore denies the allegations.

10.     DTI admits that DTI is a Florida corporation, doing business in this Judicial District and within this Division. DTI admits that DTI, directly or indirectly, imports, distributes, advertises, solicits, offers for sale, and/or sells automobile parts. DTI admits that it owns the website www.dti-parts.com which may be viewed by third parties within this Judicial District and this Division. DTI denies the remainder of the allegations of paragraph 10 of the Complaint.

11.     DTI admits that Hyundai has premised this action on 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332(a)(1), 1338(a), and 1338(b). DTI admits that there is diversity between the parties. DTI admits that the Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a). DTI denies the remainder of the allegations of paragraph 11 of the Complaint.

12.     DTI admits that DTI has done business in this district and that the Court has jurisdiction over the parties. DTI denies the remainder of the allegations of paragraph 12 of the Complaint.

13. DTI admits that venue is proper in this judicial district. DTI denies the remainder of the allegations of paragraph 13 of the Complaint.

14. DTI admits that HMC was established in 1967 as a Korean company and that HMC currently designs, manufactures, markets, distributes, and sells a wide range of automobile and related automobile parts. DTI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 14 of the Complaint and therefore denies the allegations.

15. DTI admits that HMA is a subsidiary of HMC and that HMA has been a distributor in the United States of Hyundai motor vehicles and Hyundai Parts. DTI admits that Hyundai Parts include, but are not limited to, Hyundai Service Kit-Oil Filters (part number 26300-35504). DTI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 15 of the Complaint and therefore denies the allegations.

16. DTI lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16 of the Complaint and therefore denies the allegations.

17. DTI lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 of the Complaint and therefore denies the allegations.

18. DTI admits that HMC and/or HMA sell motor vehicles, automotive parts, accessories, and related services, including the Hyundai Parts, under the family of registered United States trademarks listed in the table of paragraph 18 of the Complaint. DTI admits that the table of paragraph 18 reflects information contained in the USPTO trademark registrations. DTI denies the remainder of the allegations of paragraph 18 of the Complaint.

19. DTI admits the allegations of paragraph 19 of the Complaint.

4

20.     DTI lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20 of the Complaint and therefore denies the allegations.

21.     DTI lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 of the Complaint and therefore denies the allegations.

22.     DTI admits that HMA or HMC own and hold common-law rights in the Hyundai marks. DTI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 22 of the Complaint and therefore denies the allegations.

23.     DTI denies the allegations of paragraph 23 of the Complaint.

24.     DTI lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 of the Complaint and therefore denies the allegations.

25.     DTI lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 of the Complaint and therefore denies the allegations.

26.     DTI lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26 of the Complaint and therefore denies the allegations.

27.     DTI lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27 of the Complaint and therefore denies the allegations.

28.     DTI lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28 of the Complaint and therefore denies the allegations.

29.     DTI admits that a variety of suppliers from around the world – but primarily in Korea – manufacture Hyundai Parts for Hyundai according to HMC's specifications. DTI admits that these Hyundai parts are used in Hyundai plants in Korea and the United States to manufacture Hyundai vehicles. DTI admits that the Hyundai Parts are also intended for use by

Hyundai Dealers to service, repair, and perform warranty work on Hyundai vehicles in the United States. DTI denies the remainder of the allegations of paragraph 29 of the Complaint.

30.     DTI lacks knowledge or information sufficient to form a belief about the truth of the allegation that the Hyundai Parts are designed and tested for optimum safety, performance, and reliability or that certain Genuine Hyundai Parts intended solely for sale, distribution, and/or use in the United States are specifically designed and manufactured in accordance with and to meet the applicable United States standards and regulations, including environmental and federal motor vehicle safety standards and therefore denies the allegations. DTI denies the remainder of the allegations of paragraph 30 of the Complaint.

31.     DTI denies the allegations of paragraph 31 of the Complaint.

32.     DTI admits that Hyundai Mobis (also known as Mobis Korea or Mobis HQ) is a company within the Hyundai family of companies. DTI admits Hyundai Mobis is responsible for the sourcing of Hyundai parts from third-party manufacturers and for the distribution of those Hyundai parts throughout the world for use on Hyundai automobiles. DTI lacks knowledge or information sufficient to form a belief about the truth of the allegation that Hyundai Mobis acts pursuant to an arrangement with HMC and therefore denies the allegation.

33.     DTI admits that Hyundai Mobis has distribution centers throughout the world, including the United States. DTI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 33 of the Complaint and therefore denies the allegations.

34.     DTI denies the allegations of paragraph 34 of the Complaint.

35.     DTI lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35 of the Complaint and therefore denies the allegations.

36.     DTI lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36 of the Complaint and therefore denies the allegations.

37.     DTI lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37 of the Complaint and therefore denies the allegations.

38.     DTI lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38 of the Complaint and therefore denies the allegations.

39.     DTI lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39 of the Complaint and therefore denies the allegations.

40.     DTI denies the allegations of paragraph 40 of the Complaint.

41.     DTI lacks knowledge or information sufficient to form a belief about the truth of the allegations that neither HMC nor HMA has authorized the sale to or use by authorized Hyundai Dealers of Hyundai parts that are manufactured for sale and/or intended for use solely outside the United States and not imported by HMA and sold or distributed to authorized Hyundai Dealers through Hyundai's Authorized Chain of Distribution on vehicles in the United States and therefore denies the allegation. DTI denies the remainder of the allegations of paragraph 41 of the Complaint.

42.     DTI lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42 of the Complaint and therefore denies the allegations.

43.     DTI lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43 of the Complaint and therefore denies the allegations.

44.     DTI denies the allegations of paragraph 44 of the Complaint.

45.     DTI denies the allegations of paragraph 45 of the Complaint.

46.     DTI admits that on its website at the bottom of its home page (www.dti-parts.com), DTI makes the statement reproduced in paragraph 46 of the Complaint. DTI denies the remainder of the allegations of paragraph 46 of the Complaint.

47.     DTI admits the allegations of paragraph 47 of the Complaint.

48.     DTI denies the allegations of paragraph 48 of the Complaint.

49.     DTI denies the allegations of paragraph 49 of the Complaint.

50.     DTI denies the allegations of paragraph 50 of the Complaint.

51.     DTI denies the allegations of paragraph 51 of the Complaint.

52.     DTI denies the allegations of paragraph 52 of the Complaint.

53.     DTI denies the allegations of paragraph 53 of the Complaint.

54.     DTI admits that DTI sold 80 Hyundai Oil filters (Part Number 26300-35504) to a Hyundai dealer in this judicial district. DTI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 54 of the Complaint and therefore denies the allegations.

55.     DTI denies the allegations of paragraph 55 of the Complaint.

56.     DTI denies the allegations of paragraph 56 of the Complaint.

57.     DTI denies the allegations of paragraph 57 of the Complaint.

58.     DTI denies the allegations of paragraph 58 of the Complaint.

59.     DTI denies the allegations of paragraph 59 of the Complaint.

60.     DTI denies the allegations of paragraph 60 of the Complaint.

61.     DTI denies the allegations of paragraph 61 of the Complaint.

62.     DTI denies the allegations of paragraph 62 of the Complaint.

63.     DTI denies the allegations of paragraph 63 of the Complaint.

64.     DTI denies the allegations of paragraph 64 of the Complaint.

65.     DTI denies the allegations of paragraph 65 of the Complaint.

66.     DTI denies the allegations of paragraph 66 of the Complaint.

67.     DTI denies the allegations of paragraph 67 of the Complaint.

68.     DTI denies the allegations of paragraph 68 of the Complaint.

69.     DTI re-alleges and incorporates the responses to the allegations of paragraphs 1 through 68 above and hereby incorporates them herein as if set forth in full.

70.     DTI denies the allegations of paragraph 70 of the Complaint.

71.     DTI denies the allegations of paragraph 71 of the Complaint.

72.     DTI denies the allegations of paragraph 72 of the Complaint.

73.     DTI denies the allegations of paragraph 73 of the Complaint.

74.     DTI denies the allegations of paragraph 74 of the Complaint.

75.     DTI denies the allegations of paragraph 75 of the Complaint.

76.     DTI re-alleges and incorporates the responses to the allegations of paragraphs 1 through 75 above and hereby incorporates them herein as if set forth in full.

77.     DTI denies the allegations of paragraph 77 of the Complaint.

78.     DTI denies the allegations of paragraph 78 of the Complaint.

79.     DTI denies the allegations of paragraph 79 of the Complaint.

80.     DTI denies the allegations of paragraph 80 of the Complaint.

81.     DTI denies the allegations of paragraph 81 of the Complaint.

82.     DTI re-alleges and incorporates the responses to the allegations of paragraphs 1 through 81 above and hereby incorporates them herein as if set forth in full.

83.     DTI denies the allegations of paragraph 83 of the Complaint.

84.     DTI denies the allegations of paragraph 84 of the Complaint.

85.     DTI denies the allegations of paragraph 85 of the Complaint.

86.     DTI denies the allegations of paragraph 86 of the Complaint.

87.     DTI denies the allegations of paragraph 87 of the Complaint.

88.     DTI re-alleges and incorporates the responses to the allegations of paragraphs 1 through 87 above and hereby incorporates them herein as if set forth in full.

89.     DTI lacks knowledge or information sufficient to form a belief about the truth of the allegations that the Hyundai Marks are famous and therefore denies the allegation. DTI denies the remainder of the allegations of paragraph 89 of the Complaint.

90.     DTI denies the allegations of paragraph 90 of the Complaint.

91.     DTI denies the allegations of paragraph 91 of the Complaint.

92.     DTI denies the allegations of paragraph 92 of the Complaint.

93.     DTI denies the allegations of paragraph 93 of the Complaint.

94.     DTI re-alleges and incorporates the responses to the allegations of paragraphs 1 through 93 above and hereby incorporates them herein as if set forth in full.

95.     DTI denies the allegations of paragraph 95 of the Complaint.

96.     DTI denies the allegations of paragraph 96 of the Complaint.

97.     DTI denies the allegations of paragraph 97 of the Complaint.

98.     DTI re-alleges and incorporates the responses to the allegations of paragraphs 1 through 97 above and hereby incorporates them herein as if set forth in full.

99.     DTI lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 99 of the Complaint and therefore denies the allegations.

100.    DTI denies the allegations of paragraph 100 of the Complaint.

101.    DTI denies the allegations of paragraph 101 of the Complaint.

102.    DTI denies the allegations of paragraph 102 of the Complaint.

103.    DTI denies the allegations of paragraph 103 of the Complaint.

104.    DTI denies the allegations of paragraph 104 of the Complaint.

105.    DTI re-alleges and incorporates the responses to the allegations of paragraphs 1 through 104 above and hereby incorporates them herein as if set forth in full.

106.    DTI denies the allegations of paragraph 106 of the Complaint.

107.    DTI denies the allegations of paragraph 107 of the Complaint.

108.    DTI denies the allegations of paragraph 108 of the Complaint.

109.    DTI denies the allegations of paragraph 109 of the Complaint.

110.    DTI denies the allegations of paragraph 110 of the Complaint.

111.    DTI denies the allegations of paragraph 111 of the Complaint.

112.    DTI denies the allegations of paragraph 112 of the Complaint.

113.    DTI denies the allegations of paragraph 113 of the Complaint.

114.    DTI denies the allegations of paragraph 114 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

115.    DTI re-alleges and incorporates the responses to the allegations of paragraphs 1 through 114 above and hereby incorporates them herein as if set forth in full.

116.    Hyundai's Complaint fails to state sufficient facts to support plausible causes of action against DTI.

117. Hyundai's allegations regarding differences between Hyundai's auto parts and auto parts sold by DTI merely cite examples of product variability that naturally occurs in any large-scale, highly diversified manufacturing network that is spread out across a variety of suppliers from around the world who manufacture genuine Hyundai branded auto parts according to Hyundai's specification. The purported differences as alleged by Hyundai in its Complaint do not constitute material differences sufficient to state viable claims against DTI.

118. Hyundai either directly or through its subsidiaries or affiliates maintains complete control over the manufacture and quality of the products to which it applies Hyundai trademarks.

119. Each and every cause of action in the Complaint, and the whole thereof, fails to state facts sufficient to constitute a cause of action against DTI.

## SECOND AFFIRMATIVE DEFENSE

### (First Sale Doctrine)

120. DTI re-alleges and incorporates the responses to the allegations of paragraphs 1 through 119 above and hereby incorporates them herein as if set forth in full.

121. The accused products named in the Complaint were marked with Hyundai marks at Hyundai International's direction.

122. Hyundai International has control over the manufacture of the accused products either directly or via one of its subsidiaries.

123. Hyundai International has control over the quality of the accused products either directly or via one of its subsidiaries.

124. Hyundai International either directly or through one of its affiliates received revenue from the sale of the accused products.

12

125. Hyundai International either directly or through one of its affiliates profited from the sale of the accused products.

126. Hyundai International either directly or through one of its affiliates placed the accused products into the stream of commerce via a first sale.

127. Any right Hyundai may have had to control sales under the Lanham Act or the trademark laws and unfair competition laws of North Carolina were extinguished as to the accused products following the first sale.

## THIRD AFFIRMATIVE DEFENSE

### (Laches)

128. DTI re-alleges and incorporates the responses to the allegations of paragraphs 1 through 127 above and hereby incorporates them herein as if set forth in full.

129. DTI has been in business since 2013.

130. Since DTI began reselling Hyundai brand auto parts in 2013, DTI has repeatedly contacted Hyundai dealerships in the United States offering to sell auto parts to them. Many of these dealers, over the same period of years, have declined to purchase from DTI. On information and belief many of those same dealers have informed Hyundai of DTI's offers to sell Hyundai brand auto parts.

131. DTI is informed and believes, and thereon alleges, that Hyundai unjustifiably and unreasonably delayed in commencing this action, that the delay prejudiced the rights of DTI, and, therefore, Hyundai's claims should be barred under the doctrine of laches.

13

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

132.    DTI re-alleges and incorporates the responses to the allegations of paragraphs 1 through 131 above and hereby incorporates them herein as if set forth in full.

133.    Hyundai is estopped from asserting claims for relief against DTI by reason of representations, conduct, or omissions of Hyundai or their agents in connection with the subject matter of this action.

134.    Hyundai placed its trademarks on products and placed those products into the stream of commerce. Hyundai marketed those products as genuine "Hyundai" products fit for Hyundai automobiles.

135.    DTI purchased those products after Hyundai had placed them in commerce, that is, after Hyundai's first sale.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

136.    DTI re-alleges and incorporates the responses to the allegations of paragraphs 1 through 135 above and hereby incorporates them herein as if set forth in full.

137.    On information and belief, Hyundai has itself imported into the United States and sold the very same accused parts which Hyundai claims are "illegal grey-market goods."

138.    In violation of federal and state antitrust laws and unfair competition laws, Hyundai advertised to the public that "The use of Hyundai Genuine Parts is required to Keep your Hyundai manufacturer's warranties and any extended warranties intact."

139.    DTI is informed and believes, and thereon alleges, that Hyundai should be barred from obtaining the relief sought from DTI due to Hyundai's unclean hands.

14

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

140.    DTI re-alleges and incorporates the responses to the allegations of paragraphs 1 through 139 above and hereby incorporates them herein as if set forth in full.

141.    Hyundai has alleged in its Complaint and in its Opposition to DTI's Motion to Dismiss that it has agreements with its distributors abroad and with its dealers in the United States that contractually prevent the first sale and importation of certain Hyundai branded parts into the United States.

142.    On information and belief, Hyundai has never brought suit to enforce contractual provisions regarding gray market parts.

143.    DTI is informed and believes, and thereon alleges, Hyundai voluntarily and knowingly failed to take action to protect Hyundai's rights, if any, and thus has waived any rights as against third parties.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

144.    DTI re-alleges and incorporates the responses to the allegations of paragraphs 1 through 143 above and hereby incorporates them herein as if set forth in full.

145.    The causes of action in Hyundai's Complaint are barred in whole or in part to the extent any recovery thereon would constitute unjust enrichment.

146.    DTI buys Hyundai auto parts manufactured and distributed by Hyundai. Hyundai has already benefitted and profited from these sales. As set forth herein, on information and belief, Hyundai has known about these sales to DTI and DTI's resale of the auto parts in the United States since 2013. To the extent any recovery by Hyundai duplicates or otherwise fails to

account for Hyundai's prior benefits and profits knowingly reaped from DTI since 2013, it constitutes unjust enrichment.

## EIGHTH AFFIRMATIVE DEFENSE

### (Offset)

147.     DTI re-alleges and incorporates the responses to the allegations of paragraphs 1 through 146 above and hereby incorporates them herein as if set forth in full.

148.     DTI buys Hyundai auto parts manufactured and distributed by Hyundai. Hyundai has already benefitted and profited from these sales. As set forth herein, on information and belief, Hyundai has known about these sales to DTI and DTI's resale of the auto parts in the United States since 2013. Any recovery by Hyundai should be offset by the amount of Hyundai's prior benefits and profits knowingly reaped from DTI since 2013.

## NINTH AFFIRMATIVE DEFENSE

### (Fair Use)

149.     DTI re-alleges and incorporates the responses to the allegations of paragraphs 1 through 148 above and hereby incorporates them herein as if set forth in full.

150.     DTI does not use the Hyundai marks for any trademark purpose.

151.     DTI simply stocks and re-sells products having Hyundai trademarks which were applied to the products at Hyundai's direction.

152.     To the extent that the word Hyundai or associated terms or markings appear on DTI's website or in marketing materials, it is used exclusively to identify the goods being resold and is never used as a trademark.

153.     Any use by DTI of Hyundai marks constitutes fair use.

16

## TENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

154. DTI re-alleges and incorporates the responses to the allegations of paragraphs 1 through 153 above and hereby incorporates them herein as if set forth in full.

155. Hyundai's claims are barred by the applicable statutes of limitation.

156. On information and belief, Hyundai has known since 2013 that DTI has been promoting and selling Hyundai brand auto parts to Hyundai dealers in the U.S., yet Hyundai has never once, in all that time prior to this lawsuit, suggested, requested, demanded, or otherwise informed DTI to cease and desist from promoting and selling such auto parts in the United States.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Trademark Misuse)

157. DTI re-alleges and incorporates the responses to the allegations of paragraphs 1 through 156 above and hereby incorporates them herein as if set forth in full.

158. As described in Hyundai's Complaint, Hyundai either directly or via its subsidiaries or affiliates has complete control over its trademarks and also has complete control over the quality of the products to which Hyundai's trademarks are applied.

159. Third parties such as DTI are legally entitled to resell Hyundai branded goods after Hyundai or its subsidiaries or affiliates have first sold those goods in commerce.

160. Hyundai has alleged that it has agreements with its overseas distributors and dealers and with its domestic distributors and dealers which prevent those parties from selling certain Hyundai branded parts.

17

161.	Rather than pursue breach of contract action pursuant to those agreements, Hyundai has attempted to use its trademarks as a vehicle for a worldwide discriminatory pricing scheme.

162.	Further, as alleged in Hyundai's Complaint, Hyundai has tied its vehicle warranty program to its trademarks as a way to acquire a monopoly on replacement parts for Hyundai's preferred domestic distributor, to the exclusion of resellers of Hyundai branded products.

163.	Further, on April 9, 2018, the Federal Trade Commission ("FTC") sent Hyundai a "Compliance Warning" letter, warning Hyundai that it was in violation of federal warranty laws by tying Hyundai's vehicle warranty to "The use of Hyundai Genuine Parts…." Exhibit 1.

164.	The FTC's letter specifically cites the following statement made by Hyundai regarding its warranty: "The use of Hyundai Genuine Parts is required to keep your Hyundai manufacturer's warranties and any extended warranties intact." *Id*. (citing a Hyundai statement).

165.	The FTC put Hyundai "on notice [of] violations of the Warranty and FTC Acts" and warned Hyundai that these violations "may result in legal action." *Id*.

166.	Hyundai has attempted to restrain trade specifically through the use of its Hyundai trademarks, the trademarks serving as a vehicle for Hyundai's restraint of trade.

## TWELFTH AFFIRMATIVE DEFENSE

### (Right to Add Additional Affirmative Defenses)

167.	DTI re-alleges and incorporates the responses to the allegations of paragraphs 1 through 166 above and hereby incorporates them herein as if set forth in full.

168.	DTI presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available to it.

Accordingly, DTI reserves its right to assert additional affirmative defenses if, and when, such defenses would be appropriate in light of further investigation and discovery.

**PRAYER FOR RELIEF**

169. DTI re-alleges and incorporates the responses to the allegations of paragraphs 1 through 168 above and hereby incorporates them herein as if set forth in full.

170. To the extent any response is required to any paragraph of Hyundai's Prayer for Relief, DTI states that Hyundai is not entitled to any of the relief sought in the Prayer for Relief of the Complaint.

171. Except as expressly admitted or otherwise qualified herein, DTI denies all allegations in the Complaint.

**WHEREFORE**, DTI respectfully requests that this Court dismiss Hyundai's Complaint against it with prejudice and:

A. Enter judgment in the above-captioned matter in favor of DTI with regard to each of Hyundai's Claims.

B. Order Hyundai to pay DTI's attorneys' fees, costs, and expenses incurred in defending this matter.

C. Award DTI any further relief as this Court deems just and proper.

**DTI'S COUNTERCLAIMS**

**NATURE OF THE COUNTERCLAIMS**

1. DTI brings these counterclaims because Hyundai is unlawfully attempting to exclude DTI from the market in an effort to maintain or enhance its dominant position, or to attempt to monopolize the market, by exploiting its trademark in the market for replacement

19

parts for Hyundai automobiles. The FTC has recognized Hyundai's anticompetitive behavior in its recent Compliance Warming letter addressed to Hyundai. Exhibit 1.

2. These counterclaims seek to restrain Hyundai's unlawful predatory and exclusionary practices that are damaging competition and harming consumers of replacement parts for Hyundai automobiles and to recover damages resulting from Hyundai's unlawful and anticompetitive conduct.

3. Hyundai has consistently sought to eliminate competition and monopolize the markets in which it participates and has done so by using its Hyundai trademarks as a vehicle to alienate competition.

4. DTI seeks an injunction against Hyundai prohibiting further anticompetitive activity in violation of antitrust and unfair competition laws, including prohibiting Hyundai's unlawful use of its trademarks as a vehicle to alienate competition.

5. DTI also seeks damages, including treble damages and other deterrent relief, for the harm it has already suffered due to Hyundai's illegal activity in violation of antitrust and unfair competition laws.

## PARTIES, JURISDICTION, AND VENUE

6. DTI is a Florida corporation doing business in this Judicial District and within this Division. DTI imports and sells, *inter alia*, automobile parts which were manufactured and branded with Hyundai trademarks at the direction of and under the control of Hyundai.

7. Hyundai USA is a corporation duly organized and existing under the laws of the State of California.

8. Hyundai International is a Korean company, located in Seoul, Republic of Korea. Hyundai International manufactures and sells automobiles and automobile parts under the

Hyundai brand. Hyundai International is the owner of certain trademarks associated with the Hyundai line of automobiles and automobile parts.

9.     Hyundai claims in its Complaint that Hyundai USA has an exclusive contract with Hyundai International which allows Hyundai USA to sell automobiles and parts manufactured and branded at the direction of Hyundai in this judicial district.

10.     Hyundai conducts business in this Judicial District and within this Division. Hyundai imports and sells automobiles and automobile parts which were manufactured and branded with Hyundai trademarks at the direction of Hyundai.

11.     This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1331 and § 1337 because this Complaint raises claims arising under the laws of the United States, including the Sherman Antitrust Act, 15 U.S.C. § 1 *et seq*. and Clayton Antitrust Act, 15 U.S.C. § 12 *et seq*., and venue is proper in the Western District of North Carolina pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

## THE REPLACEMENT PART MARKET FOR HYUNDAI AUTOMOBILES

12.     Hyundai entered the US market in 1986. Hyundai is the largest South Korean brand and has enjoyed significant growth in the US market in the last decade.

13.     Hyundai holds a monopoly, pursuant to the Lanham Act, on first sales of Hyundai automobiles in the United States. In 2017, Hyundai sold 685,555 new Hyundai vehicles in the United States. In 2016, Hyundai sold 775,005 new Hyundai vehicles in the United States. In 2015, Hyundai sold 761,710 new Hyundai vehicles in the United States. In 2014, Hyundai sold 725,718 new Hyundai vehicles in the United States. In 2013, Hyundai sold 720,783 new Hyundai vehicles in the United States.

14. There are millions of new and used Hyundai cars in the United States. Hyundai cars are found in every state in the United States.

15. Hyundai automobiles require replacement parts some of which are routinely replaced such as oil filters and serpentine belts.

16. Replacement parts for Hyundai automobiles must be manufactured to fit and function in Hyundai automobiles. For instance, an oil filter must be made to fit a Hyundai engine and a serpentine belt must be made of sufficient length and width to fit a Hyundai engine.

17. There is a nationwide market for replacement parts designed to fit Hyundai automobiles.

## HYUNDAI'S UNLAWFUL ACTS

18. Hyundai manufactures automobiles in the United States and abroad and sells the automobiles via a dealership network in the United States. Cars manufactured by Hyundai are sold with a warranty backed by Hyundai.

19. Hyundai either directly or through its subsidiary or affiliates manufactures or causes to be manufactured replacement parts for Hyundai automobiles. Hyundai either directly or through its subsidiary or affiliates causes these replacement parts to be branded with Hyundai trademarks.

20. Hyundai has control over the quality and the branding of these replacement parts.

21. On information and belief, Hyundai has an agreement with its dealers which explicitly or implicitly requires Hyundai dealers to use only parts branded by Hyundai and intended by Hyundai for the US market as part of Hyundai's worldwide price discrimination.

22.     On information and belief, Hyundai has an agreement with its foreign dealers and distributors which prevents the foreign dealers and distributors from exporting to the United States replacement parts branded by Hyundai which Hyundai does not intend for the US market.

23.     Hyundai informs owners of cars covered by its warranty that "The use of Hyundai Genuine Parts is required to keep your Hyundai manufacturer's warranties and any extended warranties intact." Exhibit 1.

24.     On information and belief, the new car warranty provided by Hyundai requires the use of "Hyundai Genuine Parts," which Hyundai defines as parts branded by Hyundai and intended for sale in the US market.

25.     On April 9, 2018, the Federal Trade Commission ("FTC") sent Hyundai a "Compliance Warning" letter, warning Hyundai that it was in violation of federal warranty laws by tying Hyundai's vehicle warranty to "The use of Hyundai Genuine Parts…." *Id*.

26.     The FTC's letter specifically cites the following statement made by Hyundai regarding its warranty: "The use of Hyundai Genuine Parts is required to keep your Hyundai manufacturer's warranties and any extended warranties intact." *Id*. (citing a Hyundai statement).

27.     The FTC put Hyundai "on notice [of] violations of the Warranty and FTC Acts" and warned Hyundai that these violations "may result in legal action."  *Id*.

28.     DTI is a reseller of Hyundai branded replacement parts which were made and branded at the direction of Hyundai or one of its subsidiaries or affiliates.

29.     Many of the Hyundai branded replacement parts sold by DTI are imported to the US market.

30.     Even though Hyundai, either directly or through its subsidiaries or affiliates, maintains control over the manufacture and branding of the Hyundai branded replacement parts

sold by DTI, Hyundai considers the Hyundai branded replacement parts sold by DTI to be non-genuine replacement parts for purposes of its new car warranty, its extended warranty, and its agreement with its dealers.

31.     On information and belief, both directly and also explicitly and implicitly through its agreement with its dealers, Hyundai restricts its dealers from purchasing replacement parts, made to fit Hyundai automobiles, from third party sellers and also from resellers such as DTI.

32.     Hyundai dealers have refused to purchase from DTI because of the dealer's agreement with Hyundai and/or because of Hyundai's warranty representations. As a result, DTI has lost sales and suffered economic, reputational, and other injuries.

## FIRST COUNTERCLAIM: ILLEGAL RESTRAINT OF TRADE

### (Sherman Antitrust Act 15 U.S.C. § 1)

33.     DTI re-alleges and incorporates the allegations of paragraphs 1 through 32 of the counterclaims above and hereby incorporates them herein as if set forth in full.

34.     Upon information and belief, Hyundai has entered into tying arrangements, exclusive dealing agreements, or agreements not to purchase or carry replacement parts for Hyundai automobiles with its US vehicle distributors and its US vehicle dealers that constitute agreements that unreasonably restrain trade and commerce.

35.     Upon information and belief, Hyundai has entered into tying arrangements, exclusive dealing agreements, and agreements not to honor vehicle warranties unless Hyundai branded replacement parts which Hyundai deems "genuine" are used for the warranty service work.

36.     Upon information and belief, Hyundai has entered into agreements with its US distributors and/or dealers to sell and install Hyundai branded replacement parts for Hyundai

automobiles, but only on the condition that the distributors or dealers purchase replacement parts exclusively from Hyundai's US distributor.

37.     Upon information and belief, Hyundai has entered into agreements with its US vehicle distributors and/or dealers to sell and install Hyundai branded replacement parts for Hyundai automobiles, but only on the condition that the distributors or dealers refrain from purchasing Hyundai branded replacement parts for Hyundai automobiles which were intended by Hyundai for markets other than the United States.

38.     Upon information and belief, Hyundai has entered into agreements with its US vehicle distributors and/or dealers to sell and install Hyundai branded replacement parts for Hyundai automobiles, but only on the condition that the distributors or dealers refrain from purchasing third party replacement parts for Hyundai automobiles which were intended by Hyundai for markets other than the United States.

39.     Upon information and belief, Hyundai has entered into agreements with its US vehicle distributors and/or dealers to only perform warranty service work using Hyundai branded replacement parts sold by Hyundai's US parts distributor.

40.     Upon information and belief, Hyundai has tied its vehicle warranties and extended vehicle warranties to the use of Hyundai branded replacement parts for Hyundai automobiles which Hyundai deems "genuine."

41.     Upon information and belief, Hyundai has coerced its dealers into entering this agreement in restraint of trade.

42.     Hyundai has tied its vehicle warranty program to its trademarks as a way to acquire a monopoly on replacement parts for Hyundai's preferred domestic distributor, to the exclusion of resellers of Hyundai branded products and sellers of third party parts.

43.     On April 9, 2018, the Federal Trade Commission ("FTC") sent Hyundai a "Compliance Warning" letter, warning Hyundai that it was in violation of federal warranty laws by tying Hyundai's vehicle warranty to "The use of Hyundai Genuine Parts…." Exhibit 1.

44.     The Magnuson-Moss Warranty Act 15 U.S.C. §2301 *et seq*. specifically prohibits tying a warranty coverage for an automobile to use of any specific part brand or manufacturer.

45.     The FTC's letter specifically cites the following statement made by Hyundai regarding its warranty: "The use of Hyundai Genuine Parts is required to keep your Hyundai manufacturer's warranties and any extended warranties intact." Exhibit 1 (citing a Hyundai statement).

46.     The FTC put Hyundai "on notice [of] violations of the Warranty and FTC Acts" and warned Hyundai that these violations "may result in legal action." *Id*.

47.     Hyundai has attempted to restrain trade specifically through the use of its Hyundai trademarks, the trademarks serving as a vehicle for Hyundai's restraint of trade.

48.     Hyundai's implicit or explicit agreements with its dealers and distributors affect a substantial volume of interstate commerce in the market for replacement parts for Hyundai automobiles.

49.     Hyundai occupies a dominant market position in the replacement part market for Hyundai automobiles.

50.     In the alternative, even if Hyundai does not or did not have monopoly power in the replacement part market for Hyundai automobiles, Hyundai possesses sufficient market power to coerce dealers and distributors to enter implicit or explicit exclusive-dealing agreements that are agreements in restraint of trade in violation of 15 U.S.C. §1.

## SECOND COUNTERCLAIM: ILLEGAL MONOPOLY

### (Sherman Antitrust Act 15 U.S.C. § 2)

51.     DTI re-alleges and incorporates the allegations of paragraphs 1 through 50 of the counterclaims above and hereby incorporates them herein as if set forth in full.

52.     Hyundai has engaged in predatory and/or anticompetitive conduct by, among other things, tying its sales of replacement parts for Hyundai automobiles to its vehicle warranty and extended vehicle warranty program. Exhibit 1.

53.     On information and belief, Hyundai has also engaged in predatory and/or anticompetitive conduct by, among other things, tying its sales of replacement parts for Hyundai automobiles to its dealership franchises for new vehicles.

54.     Upon information and belief, Hyundai is exploiting its monopoly power in the Hyundai vehicle market and the threat of not covering vehicle warranties and/or the threat of less favorable treatment or termination of existing commercial relationships regarding new vehicles to force its vehicle dealers to purchase the replacement parts for Hyundai automobiles from Hyundai's exclusive US distributor.

55.     Hyundai's actions to tie the new vehicle warranty and new vehicles, where it has a monopoly position and therefore appreciable economic power, to the sale of replacement parts for Hyundai automobiles, is forcing dealers and ultimately consumers to purchase parts that they would not otherwise purchase in a competitive market. Hyundai's ability to coerce dealers into these exclusive-dealing arrangements or otherwise exclude competition for replacement parts for Hyundai automobiles is augmented by the fact that, if a third party service center cannot obtain access to parts identified by Hyundai as "genuine", a third party parts installer cannot serve the needs of the purchasing public under Hyundai's anticompetitive and illegal warranty.

56.     Hyundai's scheme has already impacted DTI's access to replacement parts customers by coercing dealers to refuse to deal with DTI for fear of breaching Hyundai's illegal warranties and for fear of breaching their agreements with Hyundai. These actions are foreclosing DTI and others from market access that represents a substantial share of the replacement parts market for Hyundai automobiles. This elimination of competition in the replacement parts market for Hyundai automobiles has damaged DTI and will damage consumers and others.

57.     Hyundai has engaged in this scheme with a specific intent to maintain or enhance its dominant position and/or attempt to monopolize the replacement parts market for Hyundai automobiles.

58.     Hyundai has a dominant position in the replacement parts market for Hyundai automobiles and/or there is a dangerous probability that Hyundai will succeed in monopolizing the replacement part market for Hyundai automobiles through the use of these predatory exclusionary, and/or anticompetitive tactics.

59.     In addition to awarding money damages, the Court should restrain and enjoin Hyundai from engaging in the anticompetitive and predatory conduct described herein.

### THIRD COUNTERCLAIM: EXCLUSIVE DEALING AGREEMENT

### (Clayton Act 15 U.S.C. §14)

60.     DTI re-alleges and incorporates the allegations of paragraphs 1 through 59 of the counterclaims above and hereby incorporates them herein as if set forth in full.

61.     Section 3 of the Clayton Act, 15 U.S.C. § 14, prohibits exclusive-dealing arrangements where it is probable that performance of such arrangements will foreclose competition.

28

62.     Hyundai's implicit or explicit agreements with distributors and dealers to not use or deal with replacement parts for Hyundai automobiles which were not intended by Hyundai for the US market as a condition of gaining access to Hyundai vehicle warranty service work and Hyundai new vehicle sales on which Hyundai has a monopoly, is an unlawful tying arrangement and/or exclusionary practice, and its probable effect is to foreclose competition in a substantial share of the replacement parts market for Hyundai automobiles  in the United States in violation of Section 3 of the Clayton Act.

63.     The exclusive-dealing agreement between Hyundai and distributors and/or dealers affects a substantial volume of interstate commerce.

64.     DTI has been damaged by Hyundai's conduct described above, and sellers, resellers, and consumers of replacement parts for Hyundai automobiles will also be damaged through a reduction in competition.

## FOURTH COUNTERCLAIM: FALSE ADVERTISING AND UNFAIR COMPEITION

### (Lanham Act 15 U.S.C. §1125(a))

65.     DTI re-alleges and incorporates the allegations of paragraphs 1 through 64 of the counterclaims above and hereby incorporates them herein as if set forth in full.

66.     On information and belief, Hyundai has tied service under and validity of its vehicle warranties and extended warranties to use of what it defines as "genuine" Hyundai replacement parts. Hyundai defines "genuine" to mean Hyundai branded replacement parts which Hyundai intended for the US market.

67.     The Magnuson-Moss Warranty Act 15 U.S.C. §2301 *et seq*. specifically prohibits tying a warranty coverage for an automobile to use of any specific part brand or manufacturer.

29

68.     In its advertising and other promotional material, Hyundai informs the public that "The use of Hyundai Genuine Parts is required to keep your Hyundai manufacture's warranties and any extended warranties intact." Exhibit 1.

69.     The FTC Act, 15 U.S.C. §45(a) provides that "Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are hereby declared unlawful."

70.     On April 9, 2018, the Federal Trade Commission ("FTC") sent Hyundai a "Compliance Warning" letter, warning Hyundai that it was in violation of federal warranty laws by tying Hyundai's vehicle warranties to "The use of Hyundai Genuine Parts…." Exhibit 1.

71.     The FTC's letter specifically cites the following statement made by Hyundai regarding its warranty: "The use of Hyundai Genuine Parts is required to keep your Hyundai manufacturer's warranties and any extended warranties intact." *Id.* (citing a Hyundai statement).

72.     The FTC put Hyundai "on notice [of] violations of the Warranty and FTC Acts" and warned Hyundai that these violations "may result in legal action."

73.     On information and belief, Hyundai's misleading advertising has deceived purchasers into believing that Hyundai warranties will be void if replacement parts sold by DTI are used in Hyundai vehicles.

74.     On information and belief, Hyundai's misleading advertising has caused confusion or is likely to cause confusion as to the extent of Hyundai's vehicle warranty and the validity of the warranties if replacement parts sold by DTI are used in Hyundai vehicles.

75.     On information and belief, Hyundai's misleading advertising has misrepresented the qualities of the Hyundai vehicle warranty, specifically misinforming the public that the

Case 3:17-cv-00732-MOC-DSC   Document 33   Filed 05/24/18   Page 30 of 35

warranties will not be "intact" if non-genuine parts, as defined by Hyundai, are used in the vehicles.

76. On information and belief, Hyundai dealers have refused to purchase parts from DTI because Hyundai, citing Hyundai's vehicle warranty policy and statements made by Hyundai thereunder with respect to replacement parts.

77. DTI has lost sales due to Hyundai's unfair competition and misleading statements regarding the parts sold by DTI and the Hyundai vehicle warranty coverage.

## FIFTH COUNTERCLAIM: UNFAIR COMPETITION

### (North Carolina Gen. Stat. 75-1.1 *et seq.*)

78. DTI re-alleges and incorporates the allegations of paragraphs 1 through 77 of the counterclaims above and hereby incorporates them herein as if set forth in full.

79. Upon information and belief, Hyundai has intentionally engaged in illegal restraints of trade, acquisition of illegal monopolies or attempted monopolies, illegal tying arrangements, and unfair competition.

80. The FTC has explicitly cited Hyundai's conduct, characterizing it as both unfair and deceptive. Exhibit 1.

81. The activities of Hyundai as described in the forgoing paragraphs, and in each claim for relief asserted in these counterclaims, constitute unfair methods of competition in or affecting commerce and/or unfair and deceptive acts or practices in or affecting commerce in North Carolina and have proximately caused and are proximately causing injury to DTI. Thus, these activities violate the North Carolina statutory prohibition of unfair and deceptive trade practices. N.C. Gen. Stat. § 75-1.1 *et seq*.

82. DTI has suffered harm and other injuries including lost sales.

83.     By reason of the foregoing, DTI is entitled to recover from Hyundai, treble damages and reasonable attorney's fees, pursuant to N.C. Gen. Stat. § 75-16 and § 75-16.1.

## SIXTH COUNTERCLAIM: NORTH CAROLINA COMMON LAW UNFAIR COMPETITION

84.     DTI re-alleges and incorporates the allegations of paragraphs 1 through 83 of the counterclaims above and hereby incorporates them herein as if set forth in full.

85.     Hyundai's activities described in these Counterclaims are unfair acts that have damaged the legitimate business activities related to DTI's sale of legitimate, non-counterfeit, Hyundai branded parts for Hyundai automobiles. Therefore, those activities by Hyundai constitute unfair competition and unfair and deceptive acts and practices in the State of North Carolina pursuant to the common law of North Carolina.

## PRAYER FOR RELIEF

WHEREFORE DTI respectfully prays for judgment against Hyundai as follows:

A.     That this Court enter an injunction prohibiting Hyundai's conduct which violates antitrust law;

B.     That this Court order remedial measures necessary to restore the status quo prior to Hyundai's illegal conduct;

C.     That this Court enter judgment in DTI's favor on all of Hyundai's claims for relief;

D.     That this Court enter judgment in DTI's favor on DTI's claim for violations of Section 1 of the Sherman Act (15 U.S.C. § 1);

E.     That this Court enter judgment in DTI's favor on DTI's claim for violations of Section 2 of the Sherman Act (15 U.S.C. § 2);

F.    That this Court enter judgment in DTI's favor on DTI's claim for violations of Section 3 of the Clayton Act (15 U.S.C. § 14);

G.    That this Court enter judgment in DTI's favor on DTI's claim for violations of the Section 43 of the Lanham Act (15 U.S.C. §1125(a));

H.    That this Court enter judgment in DTI's favor on DTI's claim for violations of N.C. Gen. Stat. § 75-1.1 et seq.;

I.    That this Court enter judgment in DTI's favor on DTI's claims for violations of North Carolina common law unfair competition;

J.    That this Court award DTI actual damages sustained by Plaintiff in an amount to be proved at trial;

K.    That this Court award treble damages as required by statute under federal and North Carolina law for the harm caused by Defendant;

L.    That this Court disgorge profits received by Hyundai from sales and revenues of any kind as a result of the actions complained of in the counterclaims;

M.    That, this Court award DTI all of its reasonable attorneys' fees, costs, and disbursements incurred by DTI as a result of this action;

N.    That because of the deliberate and willful actions of Hyundai, for purposes of 15 U.S.C. §1117, this Court designate this an exceptional case;

O.    That this Court award DTI pre-judgment and post judgment interest;

P.    That this Court award any and all relief not here enumerated that this Court deems just and equitable; and

Q.    That this Court conduct a trial by jury on all issues so triable.

This the 24th day of May, 2018.

Respectfully submitted,

s/ Samuel A. Long, Jr.
W. Thad Adams, III (N.C. Bar No. 000020)
Samuel A. Long, Jr. (N.C. Bar No. 46588)
Kathryn A. Gromlovits (N.C. Bar No. 32700)
Christina Davidson Trimmer (N.C. Bar No. 44857)
SHUMAKER, LOOP & KENDRICK, LLP
101 South Tryon Street, Suite 2200
Charlotte, North Carolina 28280-0002
Tel:    (704) 375-0057
Fax:    (704) 332-1197
Email: tadams@slk-law.com
          along@slk-law.com
          kgromlovits@slk-law.com
          ctrimmer@slk-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 24, 2018, I electronically filed the foregoing with the Clerk

of Court using the CM/ECF system which will automatically and electronically notify all counsel

of record in this case.


s/ Samuel A. Long, Jr.
Samuel A. Long, Jr. (N.C. Bar No. 46588)
SHUMAKER, LOOP & KENDRICK, LLP
101 South Tryon Street, Suite 2200
Charlotte, NC  28280-0002
Tel:    (704) 375-0057
Fax:    (704) 332-1197
Email: along@slk-law.com