UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-732-MOC-DSC

| | | |
|---|---|---|
| **HYUNDAI MOTOR AMERICA, INC. and HYUNDAI MOTOR COMPANY,** | ) ) ) | |
| Plaintiffs, | ) ) | |
| Vs. | ) ) | ORDER |
| **DIRECT TECHNOLOGIES INTERNATIONAL, INC., d/b/a DTI, INC.,** | ) ) ) | |
| Defendant. | ) ) | |

**THIS MATTER** is before the court on plaintiffs' Motion to Dismiss Defendant's Counterclaims Pursuant to Federal Rule of Civil Procedure 12(b)(6) for Failure to State a Claim. Having considered plaintiffs' motion and reviewed the pleadings, the court enters the following Order.

**I.     Background**

Plaintiffs alleges that defendant is importing and selling Hyundai-branded parts through an unauthorized chain of distribution and that those parts are materially different from the genuine Hyundai parts sold in the United States. (#1, ¶¶ 3-5, 49, 50, 52, 54, 57, 62). Based on these and other allegations, plaintiffs assert claims against defendant for trademark infringement and false designation of origin, false advertising, dilution, common law unfair competition, intentional interference with contractual relations, and violation of North Carolina's Unfair and Deceptive Trade Practices Act. (Id. at ¶¶ 69-114). On April 27, 2018, this court denied defendant's Motion to Dismiss Hyundai's Claims (#29).

-1-

Defendant filed an Answer and Counterclaims (#33) on May 24, 2018. Defendant alleges six counterclaims against plaintiffs: (1) illegal restraint of trade in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1; (2) illegal monopoly in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2; (3) exclusive dealing arrangement in violation of the Clayton Act, 15 U.S.C. § 14; (4) false advertising and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a); (5) unfair competition in violation of North Carolina's Unfair and Deceptive Trade Practices Act; and (6) unfair competition under North Carolina common law.

Plaintiffs filed a Motion to Dismiss for Failure to State a Claim (#36), and the accompanying Memorandum in Support (#37) on July 3, 2018. Defendant filed a Memorandum of Law in Opposition to Hyundai's Motion to Dismiss (#40) on July 31, 2018, to which plaintiffs filed a Reply (#43), and plaintiffs' Motion (#36) is now ripe for review.

**II.     Legal Standard**

A motion to dismiss "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). To survive such motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The plausibility standard requires "more than a sheer possibility." Id.; see also Twombly, 550 U.S. at 547 (complaints fail when plaintiffs "have not nudged their claims across the line from conceivable to plausible"); Aziz v. Alcolac, Inc., 658 F.3d 388, 391 (4th Cir. 2011).

Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. Fed. R. Civ. P. 8(a)(2). Such statement does not require "specific facts," but

need only give defendants "fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 544). For purposes of the motion, the factual allegations in the complaint are accepted as true and viewed in the light most favorable to the non-moving party, Coleman v. Md. Court of Appeals, 6266 F.3d 187, 189 (4th Cir. 2010), though the court need not accept "unwarranted inferences" or "unreasonable arguments," Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). The court also notes that "[a] Rule 12(b)(6) motion 'does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" Pisgah Laboratories, Inc. v. Mikart, Inc., 2015 WL 996609, at *2 (W.D.N.C. Mar. 5, 2015) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)).

**III. Discussion**

Defendant alleges six counterclaims against plaintiffs: (1) illegal restraint of trade in violation of Section 1 of the Sherman Act; (2) illegal monopoly in violation of Section 2 of the Sherman Act; (3) exclusive dealing arrangement in violation of the Clayton Act; (4) false advertising and unfair competition in violation of the Lanham Act; unfair competition in violation of North Carolina's Unfair and Deceptive Trade Practices Act; and (6) unfair competition under North Carolina common law. For the reasons outlined below, the court will deny plaintiffs' motion to dismiss and allow discovery to proceed on defendant's counterclaims.

  *a. Illegal restraint of trade in violation of the Sherman Act, 15 U.S.C. § 1*

Plaintiffs first argue that defendant has failed to allege the elements of a Sherman Antitrust Act, 15 U.S.C. § 1 claim, in that defendant failed to identify a relevant market and has not adequately pled an actual tying relationship, a tying product, or a tied product, and that

defendant does not allege that the purported conspiracy underlying its Sherman Act Section 1 claim harms competition.

Here, defendant did in fact identify a relevant market, which is "the replacement part market for Hyundai automobiles." (#33, ¶¶ 48-50). Additionally, defendant alleges a tying relationship, stating that Hyundai's "vehicle warranties and extended vehicle warranties [are tied] to the use of Hyundai branded replacement parts for Hyundai automobiles which Hyundai deems 'genuine.'" (#33, ¶ 40). Defendant further alleges harm to competition, noting that Hyundai's "agreements with its dealers and distributors affect a substantial volume of interstate commerce in the market for replacement parts for Hyundai automobiles," (#33, ¶ 48), that Hyundai "coerced its dealers into entering this agreement in restraint of trade," (#33, ¶ 41), and that Hyundai used its agreements "to acquire a monopoly," (#33, ¶ 42). Defendant offers support in the form of a FTC Warning Letter and an email from plaintiffs. In doing so, defendant has sufficiently alleged facts and conduct by Hyundai that, accepted as true, constitute viable grounds for a claim, and with just enough support to tip the scales from conceivable to plausible and to allow discovery to proceed. See Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). As such, plaintiffs' motion to dismiss will be denied as to the first counterclaim.

    *b. Illegal restraint of trade in violation of the Sherman Act, 15 U.S.C. § 2*

Plaintiffs next argue that defendant has failed to allege the elements of a Sherman Antitrust Act, 15 U.S.C. § 2 claim, in that defendant has failed to identify the relevant market, an actual tying relationship, the tying or tied product, or a monopoly or market power in any of these products. Once again, the court finds that defendant did identify the relevant market as "the replacement part market for Hyundai automobiles." (#33, ¶¶ 57-58). Defendant also alleged that

Hyundai "t[ies] its sales of replacement parts for Hyundai automobiles to its dealership franchises for new vehicles," (#33, ¶ 53), "exploit[s] its monopoly power in the Hyundai vehicle market," (#33, ¶ 54), and that Hyundai has a "specific intent to maintain or enhance its dominant position and/or attempt to monopolize the [market]," (#33, ¶ 57). Similar to the first counterclaim, defendant's second counterclaim "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). As such, plaintiffs' motion will be denied as to this counterclaim.

    *c. Exclusive dealing arrangement in violation of the Clayton Act, 15 U.S.C. §14*

Plaintiffs next argues that defendant has failed to allege the elements of a claim under the Clayton Act, 15 U.S.C. § 14, contending that defendant has not alleged a cognizable antitrust market and that defendant has not asserted that the alleged exclusive dealing agreement would impede competition.

First, defendant has indeed alleged a cognizable antitrust market, which is "the replacement part market for Hyundai automobiles." (#33, ¶¶ 62, 64). Plaintiffs then argue that defendant has not asserted the alleged exclusive dealing agreement would impede competition. As with other antitrust causes of action, a claim advanced under the Clayton Act must allege injury to competition, not just to one competitor. Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc., 429 U.S. 477, 488 (1977) (holding the antitrust laws were enacted for "the protection of competition, not competitors") (citing Brown Shoe Co. v. United States, 370 U.S. 294, 320 (1962) (emphasis omitted); Eastern Publishing & Advertising v. Chesapeake Publishing & Advertising, 831 F.2d 488, 493 (4th Cir.1987) (upholding 12(b)(6) dismissal because plaintiff had not alleged injury to more than one competitor).

While defendant alleges harm to itself as a result of plaintiffs' conduct, defendant also alleges that "sellers, resellers, and consumers of replacement parts for Hyundai automobiles will also be damaged through a reduction in competition." (#33, ¶ 64). Additionally, defendant contends that based on plaintiffs' conduct, there is a "probable effect to foreclose competition in a substantial share of the replacement parts market for Hyundai automobiles in the United States." (#33, ¶ 62). Thus, defendant alleged injury to competition, not just one competitor. See Brunswick Corp., 429 U.S. at 488; Eastern Publishing & Advertising, 831 F.2d at 493. As such, plaintiffs' motion to dismiss will be denied as to this counterclaim.

>    *d. False advertising and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a)*

Plaintiffs argue that defendant's false advertising claim under the Lanham Act, 15 U.S.C. § 1125(a) must fail, contending that defendant has failed to adequately allege the requisite elements of the claim or facts establishing its standing to assert this claim. In Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118 (2014), the Supreme Court announced the standard for standing to bring a claim for false advertising under the Lanham Act, 15 U.S.C. § 1125(a). First, the Supreme Court noted that a statutory cause of action extends only to plaintiffs whose interests "fall within the zone of interests protected by the law invoked." Id. at 128. To "come within the zone of interests in a suit for false advertising under 15 U.S.C. § 1125(a), a plaintiff must allege an injury to a commercial interest in reputation or sales." Id. at 132. Second, plaintiff must establish that its injuries are proximately caused by violations of 15 U.S.C. § 1125, which means that the plaintiff must show economic or reputational injury flowing directly from the deception wrought by the defendant's advertising. Id. at 133.

Here, defendant alleged "an injury to a commercial interest in reputation or sales." Lexmark Int'l Inc., 134 S. Ct. at 1390. Specifically, defendant alleged that "Hyundai's misleading advertising has deceived purchasers into believing that Hyundai warranties will be void if replacement parts sold by [defendant] are used in Hyundai vehicles," (#33, ¶ 73), and "has caused confusion or is likely to cause confusion as to the extent of Hyundai's vehicle warranty and the validity of the warranties if replacement parts sold by [defendant] are used in Hyundai vehicles," (#33, ¶ 74). Defendant also alleges that its injuries were proximately caused by violations of 15 U.S.C. § 1125, by asserting economic or reputational injury flowing directly from the deception wrought by the plaintiffs' advertising. Lexmark Int'l Inc., 134 S. Ct. at 1390-91. Defendant asserts that it was harmed economically because "Hyundai dealers have refused to purchase parts from [defendant]" because of Hyundai's warranty policy, (#33, ¶ 76), and because "[defendant] has lost sales due to Hyundai's unfair competition and misleading statements regarding the parts sold by [defendant] and the Hyundai vehicle warranty coverage," (#33, ¶ 77). Thus, defendant has pled sufficient facts to show standing for a claim for false advertising under the Lanham Act, 15 U.S.C. § 1125(a). Lexmark Int'l, Inc., 134 S. Ct. 1377. As such, plaintiffs' motion to dismiss will be denied as to the fourth counterclaim.

     *e.* *Unfair competition in violation of North Carolina's Unfair and Deceptive Trade Practices Act*

Plaintiff argues that defendant's fifth counterclaim fails along with its federal counterclaims, contending that defendant has not alleged that plaintiff engaged in any anticompetitive conduct. To show that an act or practice violates the North Carolina Unfair & Deceptive Trade Practices Act, NC Gen. Stat. 75-1.1 *et seq.*, a plaintiff must demonstrate (1) an

unfair or deceptive act or practice; (2) that the act or practice was in or affecting commerce; and (3) that the act or practice proximately caused the injury to the plaintiff. Boyce & Isley, PLLC v. Cooper, 568 S.E.2d 893, 901 (2002). An unfair business practice is one that "offends established public policy;" is "immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers;" or has a tendency to deceive. Walker v. Fleetwood Homes of N.C., Inc., 653 S.E.2d 393, 399 (2007).

Here, defendant alleged an unfair or deceptive act or practice, see Cooper, 568 S.E.2d at 901, which is "[t]he activities of Hyundai as described . . . in each claim for relief asserted in [the] counterclaims." (#33, ¶ 81) (including the tying arrangements, exclusive dealing agreements, agreements not to honor vehicle warranties unless Hyundai branded replacement parts are used for the warranty service work, the monopoly on replacement parts for Hyundai automobiles, and so on). These allegations in previous counterclaims are certainly unfair business practices, because Hyundai's conduct is alleged to have had a tendency to deceive, and to be injurious to consumers, sellers, and resellers. See Walker, 653 S.E.2d at 399.

Further, defendant has alleged that the act or practice was in or affecting commerce, and that the act or practice proximately caused injury to defendant. See Cooper, 568 S.E.2d at 901. Defendant states that the "unfair methods of competition" laid out above are "in or *affecting commerce* and/or unfair and deceptive acts or practices in or *affecting commerce* in North Carolina have *proximately caused and are proximately causing injuries* to [defendant]." (#33, ¶ 81) (emphasis added). Additionally, defendant specifically alleges that it has suffered tangible injury from plaintiffs' actions, such as loss of sales. (#33, ¶ 82). As such, plaintiffs' fifth counterclaim, "accepted as true," is "'plausible on its face'" to demonstrate each required

element of the claim. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Thus, plaintiffs' motion will be denied as to this counterclaim.

   f. *Unfair competition under North Carolina common law*

Plaintiffs argue that defendant's sixth counterclaim fails along with its federal counterclaims, because defendant has not alleged any facts to support its claim that Hyundai committed the North Carolina common law tort of unfair competition. North Carolina's tort of unfair competition "covers a broad category of anti-competitive conduct that is reduced to a simple test: '[h]as the plaintiff's legitimate business been damaged through acts of the defendants which a court of equity would consider unfair?'" Hunter Structural, P.A. v. Arp Eng'g, Inc., 2018 WL 662367, at *8 (W.D.N.C. Feb. 1, 2018) (quoting Charcoal Steak House of Charlotte, Inc. v. Staley, 139 S.E.2d 185, 189 (N.C. 1964)).

 Here, defendant alleges:

> Hyundai's activities described in [the] counterclaims are *unfair* acts that have *damaged* the *legitimate business* activities related to [defendant's] sale of legitimate, non-counterfeit, Hyundai branded parts for Hyundai automobiles. Therefore, those activities by Hyundai constitute *unfair competition* and *unfair and deceptive acts and practices* in the State of North Carolina pursuant to the common law of North Carolina.

(#33, ¶ 85) (emphasis added). Furthermore, as the court has already found that defendant's claims are sufficiently pled under the Lanham Act and the Sherman Act, the court will not find differently as to the North Carolina claims. See ITCO Corp. v. Michelin Tire Corp., Commercial Div., 722 F.2d 42, 48 (4th Cir. 1983) (holding that "proof of conduct violative of the Sherman Act is proof sufficient to establish a violation of the North Carolina Unfair Trade Practices Act"); Silicon Knights, Inc. v. Epic Games, Inc., 2011 WL 1134453 at *16 (E.D.N.C. 2011) (holding that "[t]he standard for violation of the UDTPA and common law unfair

competition are not 'appreciably different'") (citing BellSouth Corp. v. White Directory Publrs., Inc., 42 F.Supp.2d 598, 615 (M.D.N.C. 1999). Thus, defendant's allegations, "accepted as true," are "'plausible on [their] face,'" to satisfy the test for North Carolina's tort of unfair competition. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). As such, plaintiffs' motion to dismiss should be denied as to the sixth counterclaim.

Ultimately, the court finds that defendant's pleadings are sufficient for all six counterclaims, and will deny plaintiffs' motion to dismiss. However, similar to the court's Order (#29) denying defendant's motion to dismiss, the court encourages plaintiffs to reassert their substantive arguments at summary judgment after the close of discovery.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiffs' Motion to Dismiss Defendant's Counterclaims Pursuant to Federal Rule of Civil Procedure 12(b)(6) for Failure to State a Claim (#36) is **DENIED**.

Signed: August 29, 2018

Max O. Cogburn Jr.
United States District Judge