# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

Civil Action No.: 3:17-cv-00732-MOC-DSC

| | |
|---|---|
| HYUNDAI MOTOR AMERICA, INC. a California corporation, HYUNDAI MOTOR COMPANY, a Korean corporation,<br><br>   Plaintiffs and Counterdefendants,<br><br>vs.<br><br>DIRECT TECHNOLOGIES INTERNATIONAL, INC. dba DTI, INC., a Florida corporation,<br><br>   Defendant and Counterclaimant. | |

**PLAINTIFFS AND COUNTER-DEFENDANTS HYUNDAI MOTOR AMERICA, INC. AND HYUNDAI MOTOR COMPANY'S ANSWER TO DEFENDANT AND COUNTERCLAIMANT DIRECT TECHNOLOGIES INTERNATIONAL, INC.'S COUNTERCLAIM**

Plaintiffs and Counterdefendants Hyundai Motor America, Inc. and Hyundai Motor Company (collectively called "Hyundai" and/or "Plaintiffs") hereby answer Defendant and Counterclaimant Direct Technologies International, Inc. dba DTI, Inc. ("DTI") as follows:

## NATURE OF THE COUNTERCLAIMS

1. Paragraph 1 of DTI's Counterclaims consists of legal argument, legal conclusions, and DTI's characterization of its own Counterclaims, to which no response is required. To the extent a response is required, the allegations of Paragraph 1 are denied

2. Paragraph 2 of DTI's Counterclaims consists of legal argument, legal conclusions, and DTI's characterization of its own Counterclaims, to which no response is required. To the extent a response is required, the allegations of Paragraph 2 are denied.

3. Hyundai denies the allegations of Paragraph 3 of DTI's Counterclaims.

4. Hyundai admits that DTI's Counterclaims seek injunctive relief. Except as admitted, Hyundai denies all allegations in Paragraph 4 of DTI's Counterclaims.

5. Hyundai admits that DTI's Counterclaims seek damages, including treble damages, and other relief. Except as admitted, Hyundai denies all allegations in Paragraph 5 of DTI's Counterclaims.

## PARTIES, JURISDICTION, AND VENUE

6. Hyundai admits that DTI is a Florida Corporation doing business in this District and that DTI has, and continues to, unlawfully import and sell motor vehicle parts manufactured and branded with Hyundai trademarks. To the extent the remaining allegations of Paragraph 6 of DTI's Counterclaims are vague or unclear, Hyundai denies them.

7. Hyundai admits that Hyundai Motor America ("HMA"), which the Counterclaims define as "Hyundai USA," is a California corporation in good standing.

8. Hyundai admits that Hyundai Motor Company ("HMC"), which DTI's Counterclaims define as "Hyundai International," is a Korean company located in Seoul, Republic of Korea that owns certain trademarks associated with Hyundai brand motor vehicles and parts. Hyundai admits that it, through its suppliers, subsidiaries, affiliates, distributors, and dealer networks, manufactures and sells automobiles and replacement parts for those automobiles under the Hyundai brand.

9. Hyundai admits that the allegations of Paragraph 9 to DTI's Counterclaims accurately describes the allegations of the First Amended Complaint in this action.

10. Hyundai admits that it conducts business in this Judicial District and within this Division. Hyundai admits that it imports and sells automobiles and automobile parts which were manufactured and branded with Hyundai trademarks. Except as admitted, the allegations of Paragraph 10 of DTI's Counterclaim are denied.

11. To the extent Paragraph 11 of DTI's Counterclaims does not contain any charging allegations against Hyundai and instead describe the relief sought by DTI's Counterclaims, no admission or denial is required. However, Hyundai admits this Court has jurisdiction to adjudicate DTI's Counterclaims and that venue is proper in this Court.

## FACTUAL BACKGROUND
## THE REPLACEMENT MARKET FOR HYUNDAI AUTOMOBILES

12. Hyundai admits that it entered the United States market at least as early as 1986 and that is has enjoyed significant growth in the United States market in the last decade. Except as admitted, the allegations of Paragraph 10 of DTI's Counterclaim are denied.

13. Hyundai admits that it sold approximately the number of new Hyundai vehicles referenced in Paragraph 13 of DTI's Counterclaims between 2013 and 2017. Hyundai denies the remainder of the allegations of Paragraph 13.

14. Hyundai admits there are millions of new and used Hyundai cars in the United States. Hyundai admits that to the best of its knowledge, Hyundai cars are found in every state in the United States.

15. Hyundai admits that Hyundai vehicles, with use, will ordinarily require replacement parts, some of which may be routinely replaced, such as oil filters and serpentine belts.

16. Hyundai admits that in so far as it may be considered by some to be a "replacement part," a part must geometrically fit onto a vehicle as had the original part. To the extent that Paragraph 16 by, among other things, the use of "must" intends to suggest that fit alone defines the requirements for the market for Hyundai replacement parts, Hyundai denies those allegations.

17. Hyundai admits the allegations of Paragraph 17 of DTI's Counterclaims with the same qualifier described in Paragraph 16 above.

## HYUNDAI'S ALLEGED UNLAWFUL ACTS

18. Hyundai admits the allegations of Paragraph 18 of DTI's Counterclaims.

19. Hyundai admits the allegations of Paragraph 19 of DTI's Counterclaims.

20. Hyundai admits the allegations of Paragraph 20 of DTI's Counterclaims.

21. HMA admits that it has a written agreement with its authorized dealers that governs their mutual expectations regarding, among other things, the use of Hyundai Genuine Parts in connection with service to customer vehicles backed by Hyundai warranties. Hyundai otherwise denies the vague allegations of Paragraph 21 of DTI's Counterclaims.

22. HMC admits that it ordinarily has a written agreement with authorized distributors of Hyundai motor vehicles and parts outside of the United States and that while those agreements are individually negotiated, they often contain terms governing the expected operations of such authorized distributors which may include geographic restrictions. Hyundai otherwise denies the vague allegations of Paragraph 22 of DTI's Counterclaims.

23. Hyundai admits that documents describing the vehicle warranties accompanying vehicles sold to customers in the United States speak for themselves. Hyundai otherwise denies the allegations of Paragraph 23 of DTI's Counterclaims.

24. Hyundai denies the vague allegations of Paragraph 24 of DTI's Counterclaims.

25. Hyundai admits that the FTC sent a letter to Hyundai on or about April 9, 2018. Hyundai denies the remaining allegations of Paragraph 25 of DTI's Counterclaims.

26. Hyundai admits that the referenced FTC letter purports to reference a non-specified or identified statement by Hyundai. Hyundai denies the remaining allegations of Paragraph 26 of DTI's Counterclaims.

27. Hyundai denies the allegations of Paragraph 27 of DTI's Counterclaims.

28. Hyundai admits that DTI is a seller of illegal gray market Hyundai-branded replacement parts, as well as of other manufacturers. Hyundai denies the remaining allegations of Paragraph 28 of DTI's Counterclaims.

29. Hyundai lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 of DTI's Counterclaims and on that basis denies the allegations.

30. Hyundai admits that it considers DTI's selling of illegal gray market Hyundai-branded replacement parts to be a violation of Hyundai's rights, as alleged in the First Amended Complaint. Hyundai denies the remaining allegations of Paragraph 30 of DTI's Counterclaims.

31. Hyundai denies the allegations of Paragraph 31 of DTI's Counterclaims.

32. Hyundai lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of DTI's Counterclaims and on that basis denies the allegations. Hyundai denies that it is responsible for any lost sales or other injuries alleged by DTI.

# FIRST COUNTERCLAIM: ILLEGAL RESTRAINT OF TRADE
(Sherman Antitrust Act 15 U.S.C. § 1)

33. Hyundai realleges and incorporates its responses to the allegations of Paragraphs 1 to 32 of DTI's Counterclaims as if fully set forth herein.

34. Hyundai denies the allegations of Paragraph 34 of DTI's Counterclaims.

35. Hyundai denies the allegations of Paragraph 35 of DTI's Counterclaims.

36. Hyundai denies the allegations of Paragraph 36 of DTI's Counterclaims.

37. Hyundai denies the allegations of Paragraph 37 of DTI's Counterclaims.

38. Hyundai denies the allegations of Paragraph 38 of DTI's Counterclaims.

39. Hyundai denies the allegations of Paragraph 39 of DTI's Counterclaims.

40. Hyundai denies the allegations of Paragraph 40 of DTI's Counterclaims.

41. Hyundai denies the allegations of Paragraph 41 of DTI's Counterclaims.

42. Hyundai denies the allegations of Paragraph 42 of DTI's Counterclaims.

43. Hyundai admits that the FTC sent a letter to Hyundai on or about April 9, 2018. Hyundai denies the remaining allegations of Paragraph 43 of DTI's Counterclaims.

44. The allegations of Paragraph 44 of DTI's Counterclaims state a legal conclusion that does not require an admission or denial. However, to the extent such allegations could be construed to include factual allegations, Hyundai denies them.

45. Hyundai admits that the referenced FTC letter purports to reference a non-specified or identified statement by Hyundai. Hyundai denies the remaining allegations of Paragraph 45 of DTI's Counterclaims.

46. Hyundai denies the allegations of Paragraph 46 of DTI's Counterclaims.

47. Hyundai denies the allegations of Paragraph 47 of DTI's Counterclaims.

48. HMA admits that it transacts substantial business with its authorized dealers in the United States, including in connection with the sale of Hyundai Genuine Parts. Except as so admitted, Hyundai believes the allegations of Paragraph 48 of DTI's Counterclaims constitute a legal conclusion to which no admission or denial is required, and, to the extent such allegations could be construed to include factual allegations, they are unclear and unintelligible, and Hyundai denies them.

49. The allegations of Paragraph 49 of DTI's Counterclaims is a legal conclusion that does not require an admission or denial. However, to the extent such allegations could be construed to include factual allegations, Hyundai denies them.

50. The allegations of Paragraph 50 of DTI's Counterclaims is a legal conclusion that does not require an admission or denial. However, to the extent such allegations could be construed to include factual allegations, Hyundai denies them.

## SECOND COUNTERCLAIM: ILLEGAL MONOPOLY
### (Sherman Antitrust Act 15 U.S.C. § 2)

51. Hyundai realleges and incorporates its responses to the allegations of Paragraphs 1 to 50 of DTI's Counterclaims as if fully set forth herein.

52. Hyundai denies the allegations of Paragraph 52 of DTI's Counterclaims.

53. Hyundai denies the allegations of Paragraph 53 of DTI's Counterclaims.

54. Hyundai denies the allegations of Paragraph 54 of DTI's Counterclaims.

55. Hyundai denies the allegations of Paragraph 55 of DTI's Counterclaims.

56. Hyundai denies the allegations of Paragraph 56 of DTI's Counterclaims.

57. Hyundai denies the allegations of Paragraph 57 of DTI's Counterclaims.

58. The allegations of Paragraph 58 of DTI's Counterclaims is a legal conclusion that does not require an admission or denial. However, to the extent such allegations could be construed to include factual allegations, Hyundai denies them.

59. Hyundai denies the allegations of Paragraph 59 of DTI's Counterclaims.

## THIRD COUNTERCLAIM: EXCLUSIVE DEALING AGREEMENT
### (Clayton Act 15 U.S.C. § 14)

60. Hyundai realleges and incorporates its responses to the allegations of Paragraphs 1 to 59 of DTI's Counterclaims as if fully set forth herein.

61. The allegations of Paragraph 61 of DTI's Counterclaims state a legal conclusion that does not require an admission or denial. However, to the extent such allegations could be construed to include factual allegations, Hyundai denies them.

62. Hyundai denies the allegations of Paragraph 62 of DTI's Counterclaims.

63. Hyundai denies the allegations of Paragraph 63 of DTI's Counterclaims.

64. Hyundai denies the allegations of Paragraph 64 of DTI's Counterclaims.

## FOURTH COUNTERCLAIM: FALSE ADVERTISING AND UNFAIR COMPETITION
### (Lanham Act 15 U.S.C. § 1125(a))

65. Hyundai realleges and incorporates its responses to the allegations of Paragraphs 1 to 64 of DTI's Counterclaims as if fully set forth herein.

66. Hyundai denies the allegations of Paragraph 64 of DTI's Counterclaims.

67. The allegations of Paragraph 67 of DTI's Counterclaims state a legal conclusion that does not require an admission or denial. However, to the extent such allegations could be construed to include factual allegations, Hyundai denies them.

68. Hyundai denies the allegations of Paragraph 68 of DTI's Counterclaims.

69. To the extent Paragraph 69 of DTI's Counterclaims does not contain any charging allegations against Hyundai and instead quote from the FTC Act, no admission or denial is required. To the extent there are any factual allegations in this paragraph, Hyundai denies them.

70. Hyundai admits that the FTC sent a letter to Hyundai on or about April 9, 2018. Hyundai denies the remaining allegations of Paragraph 43 of DTI's Counterclaims.

71. Hyundai admits that the referenced FTC letter purports to reference a non-specified or identified statement by Hyundai. Hyundai denies the remaining allegations of Paragraph 71 of DTI's Counterclaims.

72. Hyundai denies the allegations of Paragraph 72 of DTI's Counterclaims.

73. Hyundai denies the allegations of Paragraph 73 of DTI's Counterclaims.

74. Hyundai denies the allegations of Paragraph 74 of DTI's Counterclaims.

75. Hyundai denies the allegations of Paragraph 75 of DTI's Counterclaims.

76. Hyundai lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76 of DTI's Counterclaims and on that basis denies the allegations. Hyundai denies that it is liable for any dealers' refusal to purchase parts from DTI.

77. Hyundai denies the allegations of Paragraph 77 of DTI's Counterclaims.

### FIFTH COUNTERCLAIM: UNFAIR COMPETITION
**(North Carolina Gen. Stat. 75-1.1 *et seq*.)**

78. Hyundai realleges and incorporates its responses to the allegations of Paragraphs 1 to 77 of DTI's Counterclaims as if fully set forth herein.

79. Hyundai denies the allegations of Paragraph 79 of DTI's Counterclaims.

80. Hyundai denies the allegations of Paragraph 80 of DTI's Counterclaims.

81. Hyundai denies the allegations of Paragraph 81 of DTI's Counterclaims.

82. Hyundai denies the allegations of Paragraph 82 of DTI's Counterclaims.

83. Hyundai the allegations of Paragraph 83 of DTI's Counterclaims.

## SIXTH COUNTERCLAIM: NORTH CAROLINA COMMON LAW UNFAIR COMPETITION

84. Hyundai realleges and incorporates its responses to the allegations of Paragraphs 1 to 83 of DTI's Counterclaims as if fully set forth herein.

85. Hyundai denies the allegations of Paragraph 85 of DTI's Counterclaims.

## PRAYER FOR RELIEF

To the extent any response is required to any paragraph of DTI's Prayer for Relief in its Counterclaims, Hyundai asserts that DTI is not entitled to any such requested relief or remedy.

**EXCEPT AS EXPRESSLY ADMITTED HEREIN, ALL ALLEGATIONS BY DTI ARE DENIED.**

## DEFENSES

Without assuming any burden that it would not otherwise bear, Hyundai asserts the following general affirmative and/or additional defenses to the claims for relief alleged in DTI's Counterclaims.

## FIRST DEFENSE

DTI's Counterclaims fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

DTI lacks standing to bring the claims asserted in DTI's Counterclaims.

## THIRD DEFENSE

DTI's claims are barred, in whole or in part, by the applicable statute of limitations.

## FOURTH DEFENSE

DTI's claims are barred, in whole or in part, by laches.

## FIFTH DEFENSE

DTI's claims are barred, in whole or in part, because DTI failed to mitigate its damages, if any. For instance, DTI could have chosen to sell Hyundai-compatible parts, rather than importing and selling materially different, Hyundai-branded parts purchased outside the Hyundai authorized chain of distribution.

## SIXTH DEFENSE

DTI's claims are barred, in whole or in part, because the conduct alleged, even if assumed to be true (which it is not) was based on independent and legitimate business justifications.

## SEVENTH DEFENSE

DTI's claims are barred, in whole or in part, because any actions by Hyundai resulted from a good faith effort to meet and foster competition, not harm it.

## EIGHTH DEFENSE

DTI's claims are barred because its alleged damages are speculative and because of the impossibility of ascertaining the fact and extent of those alleged damages.

## NINTH DEFENSE

Any unlawful conduct, act, or omission of an employee or agent of Hyundai, the occurrence of which Hyundai expressly denies, was committed by individuals acting ultra vires and not by or on behalf of Hyundai.

## TENTH DEFENSE

DTI's claims are barred, in whole or in part, because DTI would be unjustly enriched if it were allowed to recover any part of the damages alleged in DTI's Counterclaims.

### ELEVENTH DEFENSE

DTI's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

### TWELFTH DEFENSE

DTI's claims are barred, in whole or in part, because an award of treble damages against Hyundai based on the conduct alleged in DTI's Counterclaims would violate the due process clauses of the Fifth and Fourteenth Amendments of the Constitution of the United States.

### THIRTEENTH DEFENSE

DTI's claims are barred, in whole or in part, by the doctrines of estoppel and waiver.

### FOURTEENTH DEFENSE

DTI's claims are barred, in whole or in part, because some of the alleged conduct of Hyundai that is the subject of DTI's Counterclaims and allegedly supports such claims occurred outside the United States and was neither directed to nor affected persons or entities in the United States.

### FIFTEENTH DEFENSE

DTI's claims are barred, in whole or in part, because the injuries alleged in DTI's Counterclaims, the fact and extent of which are expressly denied by Hyundai, were directly and proximately caused by or contributed to by the statements, acts or omissions of DTI or third persons or entities unaffiliated with Hyundai. To the extent that Hyundai is found liable for damages, those damages must be reduced in proportion to Hyundai's degree of fault.

### SIXTEENTH DEFENSE

DTI's' damages, if any, resulted from the acts or omissions of third parties over whom Hyundai had no control or responsibility. The acts of such third parties constitute intervening or superseding causes of the harm, if any, suffered by Plaintiffs.

**SEVENTEENTH DEFENSE**

DTI's claims are barred, in whole or in part, to the extent that it seek damages that are duplicative of damages sought under multiple different statutes.

**EIGHTEENTH DEFENSE**

Without admitting the existence of any contract, combination, or conspiracy in restraint of trade, Hyundai avers that it is entitled to set off any amounts paid to DTI by any other third parties who may have settled, or do settle, with DTI over the same or similar such contracts, combinations, or conspiracies as those alleged in DTI's Counterclaims.

**NINETEENTH DEFENSE**

DTI's claims for injunctive relief are barred, in whole or in part, insofar as DTI seeks to enjoin alleged events that have already transpired without the requisite showing of threatened future harm or continuing harm.

**TWENTIETH DEFENSE**

DTI's claims are barred, in whole or in part, by DTI's failure to take all necessary, reasonable and appropriate actions to avoid the injuries and damages alleged in DTI's Counterclaims, the fact and extent of such injuries and damages being expressly denied by Hyundai.

**TWENTY-FIRST DEFENSE**

To the extent DTI claims for relief and allegations seek to reach, apply to, or are based on purchases of Hyundai-branded replacement parts outside the United States, DTI's claims are barred, in whole or in part, by the Foreign Trade Antitrust Improvements Act. Such purchases do not constitute import trade or commerce; do not have a direct, substantial, and reasonably foreseeable effect on trade or commerce which is not trade or commerce with foreign nations or

on import trade or commerce; and do not, and cannot, give rise to a claim under the Sherman Act.

## TWENTY-SECOND DEFENSE

DTI's claims are barred, in whole or in part, by the Foreign Commerce Clause of the United States Constitution.

## TWENTY-THIRD DEFENSE

DTI's claims are barred, in whole or in part, to the extent they are based on alleged acts, conduct or statements that are specifically permitted by law.

## TWENTY-FOURTH DEFENSE

Hyundai maintained a reasonable system of supervision and information gathering to prevent antitrust violations, enforced that system with reasonable diligence, and did not directly or indirectly induce the violations alleged in DTI's Counterclaims and in fact specifically forbade them.

## TWENTY-FIFTH DEFENSE

DTI's claims are barred, in whole or in part, by the doctrines of *res judicata* and/or collateral estoppel.

## TWENTY-SIXTH DEFENSE

DTI's claims are barred, in whole or in part, because DTI has not suffered any cognizable antitrust injury, including but not limited to (a) injury in fact, and (b) any injury proximately caused by any conduct of Hyundai.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Hyundai reserves the right to assert other defenses as discovery proceeds and/or it learns of facts, or those facts independently develop, that reveal additional affirmative defenses

Hyundai may assert.

## TWENTY-EIGHTH DEFENSE

DTI has failed to plead actionable anticompetitive conduct.

## TWENTY-NINTH DEFENSE

Hyundai has at all times and in all relevant manners acted reasonably, as necessary to serve legitimate business purposes, in furtherance of trade, in good faith, and with the purpose and effect of promoting, encouraging, or increasing competition. Hyundai has not acted with the purpose or intent to suppress or restrain competition.

## THIRTIETH DEFENSE

DTI's counterclaims are barred because Hyundai's conduct was proper and had no adverse effect on competition or restraint of trade in any relevant market.

## THIRTY-FIRST DEFENSE

DTI has failed to plead actionable anticompetitive conduct.

## THIRTY-SECOND DEFENSE

Any purported monopoly or monopoly power alleged against Hyundai occurred by virtue of Hyundai's superior innovation, skill, foresight, and industry, or was caused by the proper functioning of the market or by natural market conditions.

## THIRTY-THIRD DEFENSE

Hyundai has not improperly exercised any purported monopoly power against DTI.

## THIRTY-FOURTH DEFENSE

Hyundai had no specific intent to engage in attempted monopolization.

## THIRTY-FIFTH DEFENSE

Hyundai has not willfully acquired any purported monopoly or monopoly power, nor has

it maintained any purported monopoly or monopoly power by exclusionary means.

## THIRTY-SIXTH DEFENSE

Hyundai does not possess the power to control prices or exclude competition in the alleged relevant market.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court dismiss DTI's Counterclaims and that this Court:

A. Enter judgement in Hyundai's favor with respect to each and every claim for relief in DTI's Counterclaims;

B. Order DTI to pay Plaintiff's costs and expenses, including attorney's fees, incurred in defending against the Counterclaims and in litigating the claims for relief set forth in the operative complaint against DTI to the extent permitted by law; and

C. Award Hyundai any further relief the Court deems proper.

Respectfully submitted on October 3, 2018.

> **PILLSBURY WINTHROP SHAW PITTMAN LLP**
>
> /s/Kenneth E. Keller
> Kenneth E. Keller (CA Bar No. 71450)
> (*Admitted Pro Hac Vice*)
> Christopher E. Stretch (CA Bar No. 166752)
> (*Admitted Pro Hac Vice*)
> Vijay K. Toke (CA Bar No. 215079)
> (*Admitted Pro Hac Vice*)
> Four Embarcadero Center, 22nd Floor
> San Francisco, California 94118
> Telephone: (415) 983-1000
> Email: kenneth.keller@pillsburylaw.com

**WOMBLE BOND DICKINSON (US) LLP**

Hayden J. Silver, III (N.C. Bar. No. 10037)
555 Fayetteville Street
Suite 1100
Raleigh, North Carolina 27601
Telephone: (919) 755-2188
Email: Jay.Silver@wbd-us.com

James S. Derrick (N.C. Bar No. 39632)
One Wells Fargo Center, Suite 3500
301 South College Street
Charlotte, North Carolina 28202-6037
Telephone: (704) 331-4913
Email: James.Derrick@wbd-us.com

**HYUNDAI MOTOR AMERICA, INC.**

Jason R. Erb (CA Bar No. 180962)
(*Admitted Pro Hac Vice*)
10550 Talbert Avenue
Fountain Valley, California 92708
Telephone: (714) 965-3393
Email: jerb@hmausa.com

## CERTIFICATE OF SERVICE

      I hereby certify that on October 3, 2018, the foregoing **PLAINTIFFS AND COUNTER-DEFENDANTS HYUNDAI MOTOR AMERICA, INC. AND HYUNDAI MOTOR COMPANY'S ANSWER TO DEFENDANT AND COUNTERCLAIMANT DIRECT TECHNOLOGIES INTERNATIONAL, INC.'S COUNTERCLAIM** was filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing and serve counsel for all parties.

      /s/Kenneth E. Keller
      Kenneth E. Keller (*Admitted Pro Hac Vice*)