IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| HYUNDAI MOTOR AMERICA, INC. and HYUNDAI MOTOR COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>DIRECT TECHNOLOGIES INTERNATIONAL, INC. d/b/a DTI, INC.,<br><br>Defendant. | Civil Action No. 3:17-cv-732<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT DIRECT TECHNOLOGIES INTERNATIONAL, INC.'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE PURSUANT TO RULE 41(b)**

Defendant Direct Technologies International, Inc. ("DTI"), pursuant to Fed. R. Civ. P. 41(b) and this Court's inherent authority, moves the Court for an Order dismissing all claims in the Complaint [DE 1] brought by Plaintiffs Hyundai Motor America, Inc. and Hyundai Motor Company (collectively "Hyundai") against DTI on the grounds that Hyundai has failed to prosecute the action pending in this Court.

Hyundai filed the Complaint in this action on December 21, 2017 and to date, Hyundai has served exactly *ZERO* document requests, interrogatories, and/or deposition notices in this Action. In contrast, in the recently filed action in the ITC wherein Hyundai has filed thousands of pages of pleadings and which is the subject of DTI's pending Motion for an Injunction [DE 52], Hyundai has in the past few weeks served *sixty-eight* requests for production and *fifty* interrogatories requiring DTI to produce nearly *eighty thousand documents*.

As Hyundai made clear in the recent hearing in this Court, Hyundai considers this action a mere backstop to its newly filed ITC proceeding, essentially providing Hyundai a chance to re-

litigate its claims should the ITC prove less than successful for Hyundai. [DE 59]. Of course, that is not the function of United States District Courts as Rule 41(b) makes clear. Hyundai had a duty to prosecute this case when it filed its Complaint in *2017* and, by any reasonable metric, has utterly failed to do so. Accordingly, this Court should exercise its discretion under Rule 41 and dismiss Hyundai's claims. A memorandum of law is submitted concurrently herewith.

This the 25th day of July, 2019.

                                              Respectfully submitted,

                                              <u>s/ Samuel A. Long, Jr.</u>
W. Thad Adams, III (N.C. Bar No. 000020)
Samuel A. Long, Jr. (N.C. Bar No. 46588)
Kathryn A. Gromlovits (N.C. Bar No. 32700)
Christina Davidson Trimmer (N.C. Bar No. 44857)
Lucas D. Garber (N.C. Bar No. 47756)
SHUMAKER, LOOP & KENDRICK, LLP
101 South Tryon Street, Suite 2200
Charlotte, North Carolina 28280-0002
Tel:    (704) 375-0057
Fax:   (704) 332-1197
Email: tadams@shumaker.com
        along@shumaker.com
        kgromlovits@shumaker.com
        ctrimmer@shumaker.com
        lgarber@shumaker.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on July 25, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically and electronically notify all counsel of record in this case.

              s/ Samuel A. Long, Jr.
              Samuel A. Long, Jr. (N.C. Bar No. 46588)
              SHUMAKER, LOOP & KENDRICK, LLP
              101 South Tryon Street, Suite 2200
              Charlotte, NC  28280-0002
              Tel: (704) 375-0057
              Fax: (704) 332-1197
              Email: along@shumaker.com