IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| HYUNDAI MOTOR AMERICA, INC. and HYUNDAI MOTOR COMPANY,<br><br>Plaintiffs and Counterdefendants,<br><br>vs.<br><br>DIRECT TECHNOLOGIES INTERNATIONAL, INC. d/b/a DTI, INC.,<br><br>Defendant and Counterclaimant. | Civil Action No.: 3:17-cv-00732-MOC-DSC |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE PURSUANT TO RULE 41(b)**

I. **INTRODUCTION**

Defendant Direct Technologies International, Inc.'s ("DTI") motion to dismiss under Rule 41(b) is based on the demonstrably false premise that Plaintiffs Hyundai Motor Company, Inc. and Hyundai Motor America (collectively "Hyundai") have entirely failed to prosecute this case. Yet DTI cannot point to even one deadline or a single obligation missed by Hyundai. The sole basis for its motion is that Hyundai has allegedly failed to take discovery from DTI. Fact discovery, however, does not close for six more months *and* Hyundai has timely responded to all of the discovery served by DTI. Hyundai also prepared and sent DTI a proposed protective order ("PPO") to govern the discovery process months ago. DTI then delayed in providing comments on the PPO until just *four business days* before filing this motion. Had DTI actually provided edits to the PPO when it received it from Hyundai, Hyundai would have produced documents as early as two months ago. The receipt of DTI's comments on the PPO also prompted Hyundai to

finalize and serve the written discovery it had prepared, and Hyundai served interrogatories and requests for production on DTI on the same day that DTI filed this motion.

Contrary to DTI's assertions, Hyundai has not "abandoned" this case in favor of a pending ITC investigation. It is litigating both cases and intends to continue litigating both cases. If DTI did not want to litigate *this* case, it had the statutory right to obtain a stay while the ITC action proceeded, as the Court correctly noted in its Order denying DTI's earlier motion for preliminary injunction. (Dkt. 63 at 4-8.) The Court should deny this motion as well.

## II.     HYUNDAI'S PROSECUTION OF THIS LITIGATION TO DATE

Hyundai filed suit against DTI for trademark infringement and related claims for relief on December 21, 2017. (Dkt. 1.) After receiving a 30-day extension to answer (Dkt. 12), DTI filed a motion to dismiss pursuant to Rule 12(b)(6) on March 8, 2018. (Dkt. 19.) After Hyundai successfully opposed DTI's motion to dismiss, DTI filed its answer and counterclaims on May 24, 2018. (Dkt. 33.) Hyundai filed a motion to dismiss DTI's counterclaims (Dkt. 36), which this Court denied on August 29, 2018. (Dkt. 44.) Hyundai then answered the counterclaims on October 3, 2018. (Dkt. 47.)

The parties held a Rule 26(f) conference on October 12, 2018 and submitted a joint certification and report of Rule 26(f) conference and discovery plan on October 25, 2018. (Dkt. 49.) The Court issued its Pretrial Order and Case Management Plan ("CMO") on November 1, 2018. (Dkt. 50). Pursuant to the CMO, discovery closes on January 31, 2020, and trial is set for June 15, 2020. (*Id.*)

On March 14, 2019, DTI served its first set of discovery requests. (Ex. A, Decl. of Kenneth E. Keller ("Keller Decl."), ¶ 5.) DTI claims Hyundai sought "repeated extensions of time to respond" to this discovery, bemoaning "the numerosity and length of time of the extensions." (Dkt. 62 at 2.) In reality, Hyundai requested and received two extensions of time

2

for a *total* of 25 days, with the second extension necessitated by a Hyundai representative assisting with the discovery responses having to take an unexpected trip to Asia. (Keller Decl., ¶¶ 5-6 and Ex. B.) In exchange, DTI requested a reciprocal extension for itself when it responds to Hyundai's discovery requests. (Keller Decl., ¶ 5 and Ex. B.)

Hyundai timely served its responses to DTI's discovery requests on May 10, 2019. (Keller Decl., ¶ 7.) In addition to raising certain objections, Hyundai provided substantive responses to DTI's discovery requests and agreed to produce responsive documents once a protective order was entered. In its motion, DTI contends for the first time that these discovery responses were deficient, asserting that "Hyundai *refused* to respond [to nearly all of the requests] citing the lack of a protective order . . . ." (Dkt. 62 at 2; *see also id.* at 6.)[1] DTI further states that "Hyundai repeatedly refused to participate in the preparation of a joint proposed protective order." (Dkt. 61 at 6.)

To the contrary, Hyundai provided a draft protective order to DTI for review and comment on May 21, 2019, seven business days after serving responses to DTI's discovery requests. (Keller Decl., ¶ 8 and Ex. C.)[2] On May 30, 2019, DTI stated that it had "some concerns" with the draft protective order and agreed to provide edits and comments. (Keller Decl., ¶ 8 and Ex. C.) However, Hyundai heard nothing further about the protective order until DTI provided proposed revisions on Friday, July 19, 2019, nearly two months later and only four court days before DTI filed this motion to dismiss. (Keller Decl., ¶ 9 and Ex. D.) During the entire time DTI took to provide comments on the draft protective order, Hyundai had a set of

---

[1] Prior to filing this motion, DTI failed to identify any deficiencies in Hyundai's responses and has never requested a meet and confer regarding any of the responses. (Keller Decl., ¶ 7.)

[2] DTI attacks Hyundai for agreeing to draft a protective order in November 2018. (Dkt. 62 at 2.) But neither party served discovery until March 25, 2019, so there was no urgency to provide a draft at that time, and the issue did not arise again until DTI served its discovery.

3

documents ready to produce as soon as the protective order was signed and entered. (Keller Decl., ¶ 10.)[3]

The ITC's investigation of DTI is also proceeding. The parties have exchanged written discovery, responded to the discovery, produced documents, and are currently in the meet and confer process. (Keller Decl., ¶ 11.)

When Hyundai received notice of DTI's motion to dismiss on July 25, 2019, it was already finalizing and preparing to serve its first set of requests for production and special interrogatories on DTI. Hyundai served its first set of requests for production and special interrogatories on DTI later that day. (Keller Decl., ¶ 12 and Ex. E.)

## III.  ARGUMENT

As the Court noted in its Order denying DTI's motion for preliminary injunction, if DTI did not want to litigate this case simultaneously with the pending ITC proceeding, DTI had the right to seek a mandatory stay of this District Court action pursuant to 28 U.S.C. § 1659 pending resolution of the ITC investigation. (Dkt. 63 at 4-8.) It chose not to. Instead it sought a preliminary injunction, which this Court found was unsupported by the law. (*Id.*)

The same is true with DTI's motion here. There is no legal or factual basis for DTI's motion to dismiss for failure to prosecute this action because Hyundai **has** been prosecuting it. "A dismissal with prejudice is a harsh sanction which should not be invoked lightly in view of 'the sound public policy of deciding cases on their merits.'" *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (quoting *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974)). The sole basis offered by DTI for this "harsh sanction" is Hyundai's supposed failure to serve written discovery or to notice depositions, even though six months remain before the close of discovery on January

---

[3] Hyundai has since provided its response to DTI's comments on the draft protective order.

4

31, 2019. Yet there is no rule mandating that Hyundai serve discovery,[4] much less immediately following a Rule 26(f) conference. Rather, Hyundai is free to decide if, when, and how it pursues the discovery it needs within the confines of the Court's orders and the Federal Rules of Civil Procedure.

Not surprisingly, DTI failed to identify a single case that has granted the relief it seeks here under similar circumstances. Quite the opposite. Each case cited by DTI is readily distinguishable and only serves to highlight precisely why involuntary dismissal is inappropriate here:

- In *Claitt v. Newcomb*, dismissal was warranted where the plaintiff had missed multiple deadlines from the pre-trial order, had responded inadequately and belatedly to discovery requests, and had waived its right to a jury trial on the ***eve of trial*** without notifying the defendant. 943 F.2d 48, 1991 WL 181134, at *1 (4th Cir. 1991). Nothing of the sort has occurred here.

- In *Davis v. Williams*, dismissal was warranted where the prisoner plaintiff missed multiple deadlines, failed to respond to requests from the court, and missed medical appointments with the prison after filing suit alleging denial of essential medical treatments. 588 F.2d 69, 70 (4th Cir. 1978). Here, DTI cannot point to a single missed deadline, nor has it identified for Hyundai any of the deficiencies it now alleges for the first time are contained in Hyundai's discovery responses.

- In *Janeau v. Pitman Mfg. Co., Inc.*, dismissal was warranted where the plaintiff had been cited several times for delay and failed to respond to defense requests and

---

[4] *See*, *e.g.*, Fed. R. Civ. P. 30, 33, 34, 36 (providing that parties "may" depose individuals and serve written discovery); *see also* Dkt. 50 at 1 (addressing written discovery the parties "may" propound and number of depositions the parties "may" take).

5

court orders. 998 F.2d 1009, 1993 WL 280354, at *1 (4th Cir. 1993). That is not the case here.

- In *Luna v. Guilford County, North Carolina*, dismissal was warranted where plaintiff's counsel was unable to contact plaintiff after multiple attempts to do so, plaintiff failed to appear at a hearing despite explicit instructions from the court to attend, and plaintiff failed to appear at her deposition despite a court order requiring her to do so. 326 F.R.D. 103, 104. The opposite is true here. Every time DTI has filed a substantive motion, Hyundai has vigorously, and timely, opposed it. Hyundai has also timely responded to DTI's discovery.

- In *Link v. Wabash R. Co.*, the Supreme Court affirmed the dismissal of a lawsuit following the failure of plaintiff's counsel to appear at a pretrial conference set six years after the lawsuit was commenced in light of the prior history of the case. 370 U.S. 626, 627-28 (1962). Hyundai has not missed a single deadline, hearing, or conference here.

- In *Projects Mgmt. Co. v. Dyncorp Int'l LLC*, the Fourth Circuit affirmed dismissal as a sanction for the plaintiff's repeated discovery abuses and because the plaintiff sought damages that were contrary to well-established law. 734 F.3d 366, 368 (4th Cir. 2013). Here, Hyundai has complied with its discovery obligations.

- Tellingly, in two other cases relied on by DTI, the Fourth Circuit **reversed** the district court, finding an abuse of discretion in dismissing the plaintiff's claims under Rule 41(b). In *Herbert v. Saffell*, it was an abuse of discretion to dismiss the action where the plaintiff had untimely filed status reports requested by the court. 877 F.2d 267, 270 (4th Cir. 1989). In *Chandler Leasing Corp. v. Lopez*, it was an

6

abuse of discretion to dismiss the action where local counsel did not make an appearance for more than 9 months after the court had specifically requested such an appearance. 669 F.2d 919, 920 (4th Cir. 1982). DTI can point to no such lapses by Hyundai.[5]

DTI's initial disclosures identified by name *one* individual as having relevant information. When Hyundai decides to take that deposition, as well as any others it decides may be necessary, is up to Hyundai. So too with its decision to serve written discovery. No case stands for the proposition that Hyundai's case can or should be dismissed for not taking sufficient discovery when six months still remain before the close of discovery.

DTI's failure to point out any supposed deficiencies in Hyundai's discovery responses before filing this motion, and its willingness to sit on the PPO for nearly two months reveal this motion for the pretext that it is. In any event, the same day DTI filed this motion, Hyundai served discovery requests on DTI, thereby mooting the issue forming the purported basis of the motion. DTI does not have a genuine concern or any basis to believe that Hyundai is not prosecuting this action, and DTI's motion should be denied.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[5] The above cases are all cited on pages 3-4 of DTI's memorandum in support of its motion to dismiss. (Dkt. 62.)

7

Case 3:17-cv-00732-MOC-DSC   Document 64   Filed 08/05/19   Page 7 of 9

## IV. CONCLUSION

For these reasons, the Court should deny DTI's motion to dismiss for failure to prosecute pursuant to Rule 41(b).

Respectfully submitted on August 5, 2019.

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

/s/   Kenneth E. Keller
Kenneth E. Keller (CA Bar No. 71450)
*(Admitted Pro Hac Vice)*
Christopher E. Stretch (CA Bar No. 166752)
*(Admitted Pro Hac Vice)*
Vijay K. Toke (CA Bar No. 215079)
*(Admitted Pro Hac Vice)*
Four Embarcadero Center, 22nd Floor
San Francisco, California 94118
Telephone: (415) 983-1000
Email: kenneth.keller@pillsburylaw.com

**WOMBLE BOND DICKINSON (US) LLP**

Hayden J. Silver, III (N.C. Bar. No. 10037)
555 Fayetteville Street, Suite 1100
Raleigh, North Carolina 27601
Telephone: (919) 755-2188
Email: Jay.Silver@wbd-us.com

James S. Derrick (N.C. Bar No. 39632)
One Wells Fargo Center, Suite 3500
301 South College Street
Charlotte, North Carolina 28202-6037
Telephone: (704) 331-4913
Email: James.Derrick@wbd-us.com

**HYUNDAI MOTOR AMERICA, INC.**

Jason R. Erb (CA Bar No. 180962)
(*Admitted Pro Hac Vice*)
10550 Talbert Avenue
Fountain Valley, California 92708
Telephone: (714) 965-3393
Email: jerb@hmausa.com

8

**CERTIFICATE OF SERVICE**

I hereby certify that on August 5, 2019, I caused to be electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically and electronically notify all counsel of record in this case.

/s/Kenneth E. Keller
Kenneth E. Keller (CA Bar No. 71450)
*(Admitted Pro Hac Vice)*
PILLSBURY WINTHROP SHAW PITTMAN LLP
Four Embarcadero Center, 22nd Floor
San Francisco, California 94118
Telephone: (415) 983-1000
Email: kenneth.keller@pillsburylaw.com