UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-732-MOC-DSC

| | |
|---|---|
| HYUNDAI MOTOR AMERICA, INC., ) <br> HYUNDAI MOTOR CO., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> ) <br> ) <br> DIRECT TECHNOLOGIES ) <br> INTERNATIONAL, INC., ) <br> ) <br> Defendant. ) <br> _____) | **ORDER** |

**THIS MATTER** comes before the Court on a Motion to Dismiss for Lack of Prosecution filed by Defendant Direct Technologies International, Inc. (Doc. No. 61). Defendant filed its motion on July 25, 2019, Plaintiffs filed their memorandum in opposition on August 5, 2019, and Defendant filed a Reply on August 8, 2019. (Doc. Nos. 64, 66).

Under the Federal Rules of Civil Procedure, "[i]f [a] plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). Dismissal with prejudice under Federal Rule Civil Procedure 41(b) is "a harsh sanction which should not be invoked lightly." Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978). The Fourth Circuit has set forth four criteria for a district court to consider in determining whether dismissal is appropriate: "(1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a 'drawn out history' of 'deliberately proceeding in a dilatory fashion;' and (4) the effectiveness of sanctions less drastic than dismissal." Id. (citing

1

McCargo v. Hedrick, 545 F.2d 393, 396 (4th Cir. 1976)).

The Court has considered the factors above and denies the motion for the reasons stated in Plaintiffs' opposition brief, as Plaintiffs have shown that they are, indeed, continuing to prosecute this case, and the time period for discovery has not ended; thus, Plaintiffs still have time to serve discovery requests. Moreover, Plaintiffs' requests for extensions of time in responding to some of Defendant's discovery requests simply do not warrant the harsh result of dismissing this action for failure to prosecute.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss for Failure to Prosecute, (Doc. No. 61) is **DENIED**.

Signed: September 20, 2019

*[Signature]*

Max O. Cogburn Jr.
United States District Judge