IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.: 3:17-cv-00732-MOC-DSC

| | |
|---|---|
| HYUNDAI MOTOR AMERICA, INC. and HYUNDAI MOTOR COMPANY,<br><br>Plaintiffs and Counterdefendants,<br><br>vs.<br><br>DIRECT TECHNOLOGIES INTERNATIONAL, INC. d/b/a DTI, INC.,<br><br>Defendant and Counterclaimant. | **MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR ISSUANCE OF LETTERS ROGATORY** |

Plaintiffs Hyundai Motor America, Inc. ("HMA") and Hyundai Motor Company ("HMC"; collectively, "Hyundai") seek international judicial assistance in obtaining the depositions of Denis Chegrinets and Irina Bakumenko—Canadian residents—in Canada, and compelling the production of limited documents by Mr. Chegrinets and Ms. Bakumenko. Through discovery in a parallel proceeding before the International Trade Commission ("ITC"), Hyundai confirmed (as it suspected) that Defendant Direct Technologies International, Inc. ("DTI") is closely affiliated with several other entities, including a Canadian company named ABPTS Inc. Mr. Chegrinets purports to be an employee of ABPTS and discovery unearthed 124 invoices mentioning Mr. Chegrinets, 59,854 emails from Mr. Chegrinets using the email address orders@dti-parts.com, and testimony from two DTI employees naming Mr. Chegrinets as a key DTI employee responsible for purchasing, marketing, selling, and/or distributing products bearing Hyundai marks.

Similarly, discovery in the ITC matter revealed that Ms. Bakumenko—the mother of DTI's owner, Dmitry Yurchenko—also purports to be an employee of ABPTS and has knowledge of DTI's relationship with several companies, including ABPTS.

The ITC Chief Administrative Law Judge reviewed this evidence and found that the requested depositions and document productions were "reasonably necessary to investigate fully DTI's importation of [Hyundai-branded products], DTI's overseas buyers and overseas suppliers of the [Hyundai-branded products], and companies affiliated with DTI." (Declaration of Vijay K. Toke ("Keller Decl.") at Exh. 1 (the "ITC Order"), App'x A at 1.) The Chief Administrative Law Judge thus recommended that the United States District Court for the District of Columbia issue similar letters rogatory, and Hyundai moved for the issuance of letters rogatory in that court. *See Hyundai Motor Company, et al. v. Direct Technologies International, Inc.*, 19-mc-00206-TNM (D.D.C.) On December 23, 2019, the United States District Court for the District of Columbia granted Hyundai's request, and issued similar letters rogatory for Ms. Bakumenko and Mr. Chegrinets. (Toke Decl. Exhs 11-14.)

Because Mr. Chegrinets and Ms. Bakumenko are Canadian residents with information relevant to this matter, and DTI insists it has no control over Mr. Chegrinets or Ms. Bakumenko, letters rogatory issued by this Court to the Appropriate Judicial Authority in Canada are the only avenue for Hyundai to obtain the relevant deposition testimony and documents.

## RELEVANT FACTS AND PROCEDURAL BACKGROUND

### I. Hyundai Sues DTI for Importing and Selling Gray Market Goods.

HMC manufactures, sells, and distributes Hyundai-branded parts and automobiles through an authorized chain of distribution in the United States and around the world. (Dkt. No. 1 (the "Compl.") ¶ 2.) HMA is HMC's exclusive distributor in the United States to authorized dealers. (*Id.*) "Genuine" Hyundai-branded parts and accessories are parts manufactured by Hyundai-authorized suppliers that are distributed in the United States through Hyundai's authorized chain of distribution to authorized Hyundai dealers. (*Id.*) Hyundai-branded parts that are sourced

outside of Hyundai's authorized chain of distribution have different specifications and different warranty coverage as well as different dealer and customer support.  (*Id.* ¶ 3.)

Hyundai filed its Complaint on December 21, 2017, alleging that DTI is importing, offering for sale, advertising on the internet through its website (www.dti-parts.com), and/or selling unauthorized Hyundai-branded parts, which were intended for sale abroad, and falsely representing that such parts are "genuine" and covered by Hyundai's warranty.  (*Id.* ¶ 4.)  Hyundai alleged causes of action for trademark infringement, trademark dilution, false designation of origin, and related claims under common law and Florida law.  (*Id.* ¶ 1.)

## II. Hyundai Initiates Proceedings in the ITC and Learns About Mr. Chegrinets's and Ms. Bakumenko's Roles with DTI.

On May 3, 2019, Hyundai submitted a complaint to the ITC requesting an investigation of DTI's and three of its foreign suppliers' unlawful importation and sale after importation of gray market replacement automotive service and collision parts and components.  (Dkt. No. 55-1.)  On June 7, 2019, the ITC published a notice in the Federal Register informing the public that the ITC had instituted an investigation of DTI on May 31, 2019.  (Dkt. No. 55-4.)  In addition to Hyundai and DTI, the parties to the investigation are three foreign entities that have supplied parts to DTI. (*Id.*)  Hyundai and DTI began conducting discovery in the ITC proceeding in June 2019.  (Toke Decl. ¶ 3.)  Documents and testimony obtained during discovery in the ITC proceeding showed that Mr. Chegrinets and Ms. Bakumenko play significant roles in DTI's business and have substantial information that is highly relevant to this action.

***Denis Chegrinets.***  Hyundai believes that Mr. Chegrinets is a Canadian citizen who resides at 1800 Norman Street, Lachine, Quebec, H8S1A9, Canada.  (*See* Toke Decl. Exh. 2 ¶ 8 ("To the best of my knowledge, Mr. Denis Chegrinets is a Canadian citizen and resides in Montreal, Quebec, Canada.")  Two DTI sales representatives testified during their depositions in the ITC

3

proceeding that Mr. Chegrinets is a DTI employee. (Toke Decl. Exhs. 3 at 16:11-17; Exh. 4 at 46:20-47:15.) Hyundai also confirmed during ITC discovery that Mr. Chegrinets uses the email address orders@dti-parts.com, and DTI produced almost 60,000 emails from that email address. (Toke Decl. Exh. 3 at 18:3-19:4.) The tens of thousands of emails produced by DTI and the deposition testimony show that Mr. Chegrinets is an integral part of DTI's business with responsibility for acquiring parts from overseas suppliers, ordering parts from overseas buyers, maintaining and updating DTI's price list, inventory list, and parts list. In fact, one DTI sales representative testified that all orders are placed to the overseas buyer through the email address controlled by Mr. Chegrinets, and DTI's owner testified that Mr. Chegrinets helps him order parts. (Toke Decl. Exh. 4 at 86:14-24; Exh. 5 at 29:2-6.) Another DTI employee testified that since 2015 he has spoken to Mr. Chegrinets "regularly." (Toke Decl. Exh. 3 at 18:15-17.) Mr. Chegrinets is also listed on over 100 invoices produced by DTI in the ITC proceeding. On December 19, 2019, DTI also produced a privilege log in this action claiming attorney-client privilege over communications between Mr. Chegrinets, DTI's principal, and DTI's counsel, Dina Nerdinsky. (Toke Decl. Exh. 10 at pp. 2, 3.)

Yet DTI insists that Mr. Chegrinets is not a DTI employee; DTI instead contends that Mr. Chegrinets "has only limited responsibilities at DTI relating to IT matters" and "Mr. Chegrinets operates autonomously with respect to the details of his job responsibilities." (Toke Decl. Exh. 6 at 3.) According to DTI, it has no control over Mr. Chegrinets and cannot produce him for a deposition or require him to produce documents. (*Id*. at 6 n.1.)

***Irina Bakumenko***. Discovery in the ITC proceeding also revealed that Ms. Bakumenko—the mother of the owner of DTI—has information relevant to this lawsuit. Ms. Bakumenko's emails suggests that she works for DTI and ABPTS, and has knowledge of whether ABPTS and

DTI are affiliated. (ITC Order at 2.) Hyundai believes that Ms. Bakumenko resides at 4450 Promenade Paton, #506, Laval, Quebec, H&W5J7 Canada.

DTI nonetheless contends that Ms. Bakumenko's "role is limited to housekeeping and administrative matters" and that "DTI does not actually exercise any control over Ms. Bakumenko." (Toke Decl., Exh. 6 at 6.)

### III. The ITC Recommends Issuance of Letters Rogatory and the District Court for the District of Columbia Grants Hyundai's Similar Motion for Issuance of Letters Rogatory.

On November 14, 2019, Hyundai moved in the ITC proceeding for a recommendation that the District Court for the District of Columbia issue Letters Rogatory on behalf of Hyundai to take the depositions of Chegrinets and Bakumenko. The ITC granted Hyundai's motion because it found that "[t]he depositions of Denis Chegrinets and Irina Bakumenko, both residents of Quebec, Canada, are warranted, as those individuals perform services for DTI and have material information relating to [the ITC proceeding]." (ITC Order at 3.) "Specifically, the evidence that [Hyundai] seek[s] pursuant to the Letters Rogatory is reasonably necessary to investigate fully DTI's importation of the Accused Products, DTI's overseas buyers and overseas supplies of the Accused Products, and companies affiliated with DTI." (*Id.*)

On November 20, 2019, Hyundai moved the United States District Court for the District of Columbia for issuance of letters rogatory for international assistance in the case captioned *Hyundai Motor Company et al.*, Case No. 1:19-cv-3502 (D.D.C.). (Toke Decl. Exhs. 7-9.) The Court granted Hyundai's request and issued letters rogatory on December 23, 2019. (*Id.* Exhs. 11-14.) The letters rogatory requested here are substantially similar to the letters rogatory issued by the United States District Court for the District of Columbia.

**ARGUMENT**

Federal Rule of Civil Procedure 28(b)(1) provides that a "deposition may be taken in a foreign country . . . (B) under a letter of request, whether or not captioned a 'letter rogatory.'" "Letters rogatory are formal communications in writing sent by a court in which an action is pending to a court or judge of a foreign country requesting that the testimony of a witness resident within the jurisdiction of the latter court may be formally taken there under its direction and transmitted to the first court for use in the pending action." 8A Richard L. Marcus, Federal Practice and Procedure § 2083 (3d ed. 2016); *see also* 22 C.F.R. § 92.54 ("In its broader sense in international practice, the term letters rogatory denotes a formal request from a court in which an action is pending, to a foreign court to perform some judicial act.") A letter rogatory may be issued "(A) on appropriate terms after an application and notice of it; and (B) without a showing that taking the deposition in another manner is impracticable or inconvenient." Fed. R. Civ. P. 28(b)(2). A letter rogatory is the appropriate method of gathering evidence in a foreign country, like Canada, that is not a party to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters. 22 C.F.R. § 92.54. "Letters of Request are enforced in Canada under the Canada Evidence Act ("CEA") and analogous provincial evidence acts." *Banner Pharmacaps Inc. v. Perrigo Co.*, No. 1:04CV00492, 2005 WL 8165011, at *1 (M.D.N.C. July 6, 2005). The requested letters rogatory should be issued here for several reasons.

***First***, the testimony of DTI's witnesses and the records produced by DTI to Hyundai in the ITC proceeding make clear that Mr. Chegrinets and Ms. Bakumenko are central figures in this case and their testimony is critical to understanding Hyundai's claims against DTI and defenses that DTI may assert in response to Hyundai's claims. This Court should therefore grant Defendants' request to depose Mr. Chegrinets and Ms. Bakumenko in Canada. *See Brey Corp. v. LQ Mgmt.,*

*L.L.C.*, No. AW-11-CV-00718-AW, 2012 WL 3127023, at *3 (D. Md. July 26, 2012) (granting plaintiff's application for the issuance of a request for international judicial assistance to Canada because of, among other reasons, "[t]he importance of the information sought to [plaintiff's] case").

**Second**, the Chief Administrative Law Judge of the ITC examined the same facts and circumstances presented here, and found, based on his knowledge of the case, that Hyundai should be permitted to depose Mr. Chegrinets and Ms. Bakumenko in the ITC proceeding. The District Court for the District of Columbia also granted Hyundai's similar motion for issuance of letters rogatory based on the ITC's recommendation. Because the issues in this case and the ITC proceeding overlap significantly, Hyundai requests that this Court issue similar letters rogatory.

**Third**, DTI's objection in the District Court for the District of Columbia did not state that Mr. Chegrinets had no relevant information and admits that Ms. Bakumenko helps DTI when asked by her son and DTI's owner, Mr. Yurchenko. (Toke Decl. Ex. 8 at 1-2.) The crux of DTI's objection in the District of Columbia was that "Hyundai is not entitled to additional deposition testimony after the close of fact discovery" and "[t]he Canadian witnesses from whom Hyundai seeks deposition testimony were disclosed well before the close of fact discovery in the ITC Investigation, but Hyundai chose not to depose them." (*Id.* at 1.) DTI can lodge no such objection here because fact discovery remains open until January 31, 2020. (Dkt. No. 50.) Furthermore, the D.C. District Court rejected DTI's arguments, finding that "[b]oth have enough involvement with DTI's affairs to overcome DTI's baseless claims." (Toke Decl. Exh. 11 at 2.)

**Fourth**, Hyundai has no other avenue to obtain the requested testimony and documents. Mr. Chegrinets and Ms. Bakumenko cannot be subpoenaed because they live in Canada, DTI claims that neither witness is an employee of DTI, and DTI insists it has no control over either

7

witness. Thus, letters rogatory from this Court and assistance from the Appropriate Judicial Authority in Canada is Hyundai's only avenue for obtaining the needed testimony and evidence.

## CONCLUSION

For the foregoing reasons, Hyundai requests that the Court grant their Motion for Issuance of Letters Rogatory and issue letters rogatory to the Appropriate Judicial Authority requesting that Court's assistance securing the deposition testimony and production of documents by Mr. Chegrinets and Ms. Bakumenko for use in this case.

This, the 8th day of January, 20202

**WOMBLE BOND DICKINSON (US) LLP**

/s/ Hayden J. Silver, III
Hayden J. Silver, III (N.C. Bar. No. 10037)
555 Fayetteville Street, Suite 1100
Raleigh, North Carolina 27601
Telephone: (919) 755-2188
Email: Jay.Silver@wbd-us.com

James S. Derrick (N.C. Bar No. 39632)
One Wells Fargo Center, Suite 3500
301 South College Street
Charlotte, North Carolina 28202-6037
Telephone: (704) 331-4913
Email: James.Derrick@wbd-us.com

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

/s/Vijay K. Toke
Kenneth E. Keller (CA Bar No. 71450)
*(Admitted Pro Hac Vice)*
Christopher E. Stretch (CA Bar No. 166752)
*(Admitted Pro Hac Vice)*
Vijay K. Toke (CA Bar No. 215079)
*(Admitted Pro Hac Vice)*
Four Embarcadero Center, 22nd Floor
San Francisco, California 94118
Telephone: (415) 983-1000
Email: kenneth.keller@pillsburylaw.com

**HYUNDAI MOTOR AMERICA, INC.**

Jason R. Erb (CA Bar No. 180962)
(*Admitted Pro Hac Vice*)
10550 Talbert Avenue
Fountain Valley, California 92708
Telephone: (714) 965-3393
Email: jerb@hmausa.com