# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
Civil Action No.: 3:17-cv-00732-MOC-DSC

| | |
|---|---|
| HYUNDAI MOTOR AMERICA, INC. and HYUNDAI MOTOR COMPANY, <br><br> Plaintiffs and Counterdefendants, <br><br> vs. <br><br> DIRECT TECHNOLOGIES INTERNATIONAL, INC. d/b/a DTI, INC., <br><br> Defendant and Counterclaimant. | **STIPULATION FOR ENTRY OF FINAL JUDGMENT AND PERMANENT INJUNCTION** |

Plaintiffs Hyundai Motor America, Inc. and Hyundai Motor Company ("Plaintiffs" or "Hyundai") and Defendant Direct Technologies International, Inc. dba DTI, Inc. ("Defendant" or "DTI") by and through their undersigned counsel, hereby stipulate to entry of the proposed Consent Judgment and Permanent Injunction, in the form and content filed concurrently herewith.

1. This case involves Plaintiffs' claims for trademark infringement (15 U.S.C § 1114), false designation of origin (15 U.S.C. §§ 1125(a)(1)(A) and (a)(1)(B)), trademark dilution (15 U.S.C. § 1125(c)), common-law unfair competition, intentional interference with contractual relations, and violation of North Carolina law, including the North Carolina Unfair and Deceptive Practices Act ("UDTPA"), N.C. Gen. Stat. § 75-1.1, based on DTI's importation, distribution, advertisement on the internet, offer for sale, and sale of gray market goods, and potentially counterfeit goods, bearing Hyundai's trademarks, as alleged in the Complaint (Dkt. 1).

2. This Court has supplemental jurisdiction over Plaintiffs' claims arising under North Carolina statutory and common law pursuant to 28 USC § 1367(a) because they are so related to the federal claims as to form part of the same case or controversy.

3.     DTI has filed an Answer and Counterclaims (Dkt. 33) alleging illegal restraint of trade in violation of Sherman Act Section 1 (15 U.S.C. § 1), illegal monopoly in violation of Sherman Act Section 2 (15 U.S.C. § 2), exclusive dealing in violation of Clayton Act Section 3 (15 U.S.C. § 14), false advertising in violation of Lanham Act Section 43 (15 U.S.C. § 1125(a)), unfair competition in violation of N.C. Gen. Stat. 75-1.1, *et seq.*, and North Carolina common law unfair competition.  Hyundai filed an answer to DTI's Counterclaims.  DTI now admits and acknowledges that its Counterclaims were and are without merit and stipulates and consents to the entry of judgment on its Counterclaims in Hyundai's favor.

4.     Plaintiff HMA is a corporation duly organized and existing under the laws of the State of California, with its principal place of business located in Fountain Valley, California. HMA is the owner of certain trademarks associated with the Hyundai line of automobiles and automobile parts.

5.     Plaintiff HMC is a Korean company located in Seoul, Republic of Korea.  HMC is the owner of certain trademarks associated with the Hyundai line of automobiles and automobile parts.

6.     Defendant DTI is a corporation, duly organized and existing under the laws of the State of Florida with its principal place of business in North Miami Beach, Florida.

7.     This Court has personal jurisdiction over Defendant DTI because DTI does and has done business in North Carolina and this District, including the sale of the parts accused in this action (the "Accused Parts").

8.     HMC is a world-renowned company that manufactures Hyundai automobiles, and through its authorized suppliers, genuine, authorized Hyundai-branded parts for sale in the United States and abroad.  HMA is the exclusive distributor of those Hyundai-branded parts in the United

States. "Genuine" Hyundai-branded parts ("Hyundai Genuine Parts") are manufactured by Hyundai-authorized suppliers and are imported into and then distributed throughout the United States by and for HMA through Hyundai's authorized chain of distribution to authorized Hyundai dealers.

9. Hyundai Genuine Parts are made to precise specifications and must meet certain quality standards applicable to the Hyundai vehicles in order to be sold in the United States. That is not true for certain Hyundai-branded parts meant for sale abroad. Hyundai-branded parts that are not sourced through Hyundai's authorized chain of distribution for the United States may contain numerous physical and non-physical material differences including, but not limited to, differences in packaging, labels, production methods, weight, and performance characteristics, either as a result of the difference in specifications or manufacturing processes or because parts are not "first run parts," are "seconds," or are defective or reject parts. Furthermore, Hyundai-branded parts that are sourced outside of Hyundai's authorized chain of distribution for the United States are materially different in warranty coverage and/or protection, quality control, and dealer and customer support. As such, the sales of those unauthorized Hyundai-branded parts in the United States constitute sales of illegal gray-market goods.

10. Defendant DTI has imported, promoted, offered for sale, advertised on the internet and through other media, and sold unauthorized Hyundai-branded parts, which were meant for sale abroad, to various Hyundai Authorized Dealers, independent repair facilities, and other third parties or entities in the United States without notifying the dealers, repair facilities, or third parties that these parts were not Hyundai Genuine Parts, were not sourced through Hyundai's authorized chain of distribution, and are not covered by Hyundai warranties or as contended by Hyundai, in some instances falsely indicating to dealers that its Hyundai-branded parts are covered by Hyundai

warranties, when they are not.

11.     DTI acknowledges the validity of and does not contest Plaintiffs' exclusive rights in and to Plaintiffs' asserted trademarks, including the exclusive right to distribute products utilizing Plaintiffs' trademarks, including Hyundai Genuine Parts.

12.     DTI acknowledges that its purchase, importation, advertising, offering for sale, sale, and distribution of gray market goods has infringed Plaintiffs' intellectual property rights; and that its activity constitutes federal trademark infringement (15 U.S.C § 1114), false designation of origin (15 U.S.C. §§ 1125(a)(1)(A) and (a)(1)(B)), trademark dilution (15 U.S.C. §1125(c)), common-law unfair competition, intentional interference with contractual relations, and a violation of North Carolina law, including the UDTPA.  DTI further acknowledges that its infringement of Hyundai's trademark rights was willful and that this case is exceptional as defined by 15 U.S.C. § 1117.

13.     DTI further acknowledges that its Counterclaims are and were without merit and Hyundai is entitled to the entry of judgment in its favor with respect to DTI's counterclaims.

14.     Plaintiffs have no adequate remedy at law for the acts of Defendant as stipulated and consented to by DTI herein, or for the acts of any third parties who have acted in concert with and at the direction of Defendant, as injury to Plaintiffs' reputation and goodwill cannot be quantified and such injury cannot be compensated by monetary amounts and therefore DTI stipulates to the entry of a permanent injunction as part of the judgment to be entered by the court, which permanent injunction shall permanently enjoin and restrain DTI, its predecessors, successors, related entities, including each of their owner(s) or shareholders (including, without limitation, Dmitriy Yurchenko), officers, directors, servants, employees, independent contractors, attorneys, agents, representatives, and distributors, and to the extent they are within DTI's control,

all other persons or entities acting in concert or participation with DTI from:

    A.    misrepresenting in any way the source of origin or the nature or quality of Defendant's Non-genuine Hyundai Parts, defined as Hyundai-branded parts that are not sourced through Hyundai Motor America and its Authorized Chain of Distribution as defined in the Complaint, as genuine, original, OEM, OE, or Optional/Opt-OE, or in any way mispresenting the warranties that apply to or cover in whole or in part, Defendant's Non-genuine Hyundai Parts;

    B.    making, having made, manufacturing, importing, sourcing, using, distributing, shipping, licensing, offering for sale, selling, developing, displaying, delivering, advertising, on the internet or in any other medium, and/or otherwise marketing or disposing of any Non-genuine Hyundai Parts;

    C.    engaging in any conduct that infringes the Hyundai Marks, including without limitation, U.S. Registration No. 1,104,727; U.S. Registration No. 3,991,863; U.S. Registration No. 4,065,195; and U.S. Registration No. 1,569,538, or colorable imitation thereof.

15.    Hyundai's damages expert calculated that DTI's gross revenues from the sale of Accused Products were $5,765,433. DTI acknowledges its gross revenues from the sale of Accused Products. DTI stipulates that Hyundai has met its burden with respect to establishing Hyundai's damages, including the right to recover DTI's gross revenues. Hyundai's damages expert also calculated that Hyundai's lost profits from the sale of Accused Products were $2,629,262.

16.    DTI therefore stipulates that Plaintiffs are entitled to recover from DTI the sum of five million dollars ($5,000,000.00) on Plaintiffs' Complaint for damages against Defendant for

compensatory damages, statutory damages, and enhanced damages for Defendant's willful conduct and its attorneys' fees and recoverable costs.

17.     Plaintiffs are entitled to the immediate entry of the [Proposed] Consent Judgment and Permanent Injunction filed concurrently herewith.

Dated:  February 11, 2020

WOMBLE BOND DICKINSON (US) LLP

By:   /s/ *James S. Derrick*
      James S. Derrick (N.C. Bar No. 39632)
      One Wells Fargo Center, Suite 3500
      301 South College Street
      Charlotte, North Carolina  28202-6037
      Telephone:  (704) 331-4913
      Email:  James.Derrick@wbd-us.com

      Hayden J. Silver, III (N.C. Bar. No. 10037)
      555 Fayetteville Street, Suite 1100
      Raleigh, North Carolina 27601
      Telephone: (919) 755-2188
      Email:  Jay.Silver@wbd-us.com

PILLSBURY WINTHROP SHAW PITTMAN LLP

Kenneth E. Keller (CA Bar No. 71450)
*(Admitted Pro Hac Vice)*
Christopher E. Stretch (CA Bar No. 166752)
*(Admitted Pro Hac Vice)*
Vijay K. Toke (CA Bar No. 215079)
*(Admitted Pro Hac Vice)*
Four Embarcadero Center, 22nd Floor
San Francisco, California  94118
Telephone:  (415) 983-1000
Email:  kenneth.keller@pillsburylaw.com
Email:  christopher.stretch@pillsburylaw.com
Email:  vijay.toke@pillsburylaw.com

6

HYUNDAI MOTOR AMERICA, INC.

Jason R. Erb (CA Bar No. 180962)
(*Admitted Pro Hac Vice*)
10550 Talbert Avenue
Fountain Valley, California  92708
Telephone:  (714) 965-3393
Email:  jerb@hmausa.com

*Attorneys for Plaintiffs Hyundai Motor America, Inc. and Hyundai Motor Company*

Dated:  February 11, 2020

SHUMAKER LOOP & KENDRICK LLP

By:  /s/ *Samuel A. Long* (with permission from DTI counsel)
Samuel A. Long, Jr. (N.C. Bar. No. 46588)
W. Thad Adams, III (N.C. Bar No. 000020)
Kathryn A. Gromlovits (N.C. Bar No. 32700)
Christina D. Trimmer (N.C. Bar No. 44857)
101 South Tryon Street, Suite 2200
Charlotte, North Carolina  28280-0002
Email:  tadams@shumaker.com
Email:  along@shumaker.com
Email:  kgromlovits@shumaker.com
Email:  ctimmer@shumaker.com

*Attorneys for Defendant Direct Technologies International, Inc. dba DTI, Inc.*

7

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2020, I caused to be electronically filed the foregoing **STIPULATION FOR ENTRY OF FINAL JUDGMENT AND PERMANENT INJUNCTION** with the Clerk of Court using the CM/ECF system, which will automatically and electronically notify all counsel of record in this case.

/s/*James S. Derrick*
James S. Derrick (N.C. Bar No. 39632)