UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-732-MOC-DSC

| | |
|---|---|
| HYUNDAI MOTOR AMERICA, INC. and HYUNDAI MOTOR COMPANY,<br><br>    Plaintiffs and Counterdefendants,<br><br>vs.<br><br>DIRECT TECHNOLOGIES INTERNATIONAL, INC. d/b/a DTI, INC.,<br><br>    Defendant and Counterclaimant. | **CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

    1.    Pursuant to the Stipulation for Entry of Consent Judgment and Permanent Injunction between Plaintiffs Hyundai Motor America, Inc. and Hyundai Motor Company ("Plaintiffs" or "Hyundai" ), on the one hand, and Defendant Direct Technologies International, Inc. dba DTI, Inc. ("Defendant" or "DTI"), on the other (the "Stipulation"), the Court hereby ORDERS, ADJUDICATES, and DECREES that judgment and permanent injunction shall be and hereby is entered on the Complaint in the above-referenced matter in favor of the Hyundai Plaintiffs and against Defendant DTI and in favor of the Hyundai Counterdefendants and against counterclaimant DTI on DTI's Counterclaims as follows:

    2.    The Court finds that DTI is liable to Plaintiffs for trademark infringement (15 U.S.C. §1114), false designation of origin (15 U.S.C. §§ 1125(a)(1)(A) and (a)(1)(B)), trademark dilution (15 U.S.C. § 1125(c)), common-law unfair competition, intentional interference with contractual relations, and violation of North Carolina law, including the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"), N.C. Gen. Stat. § 75-1.1, based on DTI's admitted importation, distribution, advertisement on the internet, offer for sale, and sale of gray market goods, and potentially counterfeit goods, bearing Hyundai's trademarks, as alleged in the Complaint (Dkt. 1).

3. DTI has acknowledged the validity, ownership, and enforceability of the Hyundai Marks, as defined in the Complaint (Dkt. 1), and the Court accordingly finds that the Hyundai Marks are valid and enforceable and are owned by Hyundai as set forth in the trademark registrations referenced in the Complaint (Dkt. 1).

4. DTI acknowledges that its infringement of the Hyundai Marks was willful. The Court therefore finds that DTI's infringement of the Hyundai Marks, as defined in the Complaint (Dkt. 1), was willful and that this is an exceptional case under 15 U.S.C. § 1117(a). The Court therefore rules that Hyundai is entitled to recovery of its attorneys' fees and enhanced damages, as authorized under 15 U.S.C. § 1117.

5. DTI has acknowledged that its Counterclaims filed against Hyundai (Dkt. 33) are and were without merit. The Court therefore finds that DTI's Counterclaims filed against Hyundai (Dkt. 33) are without merit and hereby enters judgment in Hyundai's favor on DTI's Counterclaims (Dkt. 33).

6. **PERMANENT INJUNCTION**. Upon their receipt of actual notice of this Order by personal service or otherwise, Direct Technologies International, Inc. dba DTI, Inc., its predecessors, successors, related entities, including each of their owner(s) or shareholders (including, without limitation, Dmitriy Yurchenko), officers, directors, servants, employees, independent contractors, attorneys, agents, representatives, and distributors, and to the extent they are within DTI's control, all other persons or entities acting in concert or participation with DTI, are hereby permanently restrained and enjoined from:

> A. misrepresenting in any way the source of origin or the nature or quality of Defendant's Non-genuine Hyundai parts, defined as Hyundai-branded parts that are not sourced through Hyundai Motor America and its Authorized Chain of Distribution as defined in the Complaint, as genuine, original, OEM, OE, or Optional/Opt OE, or in any way mispresenting the warranties that apply to or cover in whole or in part, Defendant's Non-genuine Hyundai Parts;
>
> B. making, having made, manufacturing, importing, sourcing, using, distributing,

shipping, licensing, offering for sale, selling, developing, displaying, delivering, advertising, on the internet or in any other medium, and/or otherwise marketing or disposing of any Non-genuine Hyundai Parts;

C. engaging in any conduct that infringes the Hyundai Marks, including without limitation, U.S. Registration No. 1,104,727; U.S. Registration No. 3,991,863; U.S. Registration No. 4,065,195; and U.S. Registration No. 1,569,538, or colorable imitation thereof.

7. This Judgment shall be deemed to have been served upon DTI at the time of its execution and entry by the Court.

8. The Court finds there is no just reason for delay in entering this Permanent Injunction, and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Permanent Injunction against DTI.

9. **DAMAGES**. Pursuant to the Stipulation, Plaintiffs are entitled to recover from DTI the sum of FIVE MILLION DOLLARS ($5,000,000), which represents Plaintiffs' compensatory damages, statutory damages, and enhanced damages for Defendant's willful conduct, costs, and attorneys' fees, which this Court grants under 15 U.S.C. § 1117.

10. **NO APPEALS AND CONTINUING JURISDICTION**. No appeals shall be taken from this Final Judgment and Permanent Injunction, and the parties waive all rights to appeal. This Court expressly retains jurisdiction over this matter to enforce any violation of the terms of this Consent Judgment and Permanent Injunction.

Signed: February 25,

Max O. Cogburn Jr
United States District Judge

3
Case 3:17-cv-00732-MOC-DSC   Document 92   Filed 02/25/20   Page 3 of 3